# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**
**CRIMINAL DIVISION**
VENUE: SAN FRANCISCO

SEALED BY ORDER

---

UNITED STATES OF AMERICA,

V.

PAVEL IVANOVICH LAZARENKO,
a/k/a "Pavlo Ivanovych Lazarenko,"

CR 00 - 0284 MJJ

DEFENDANT.

---

# INDICTMENT

18 U.S.C. Section 1956(h) - Conspiracy to Commit Money Laundering
18 U.S.C. Section 1956(a)(2) - Money Laundering
18 U.S.C. Section 1956(a)(1)(B) - Money Laundering
18 U.S.C. Section 2314 - Transportation of Stolen Property

A true bill.

Foreman

Filed in open court this 18 day of May 2000.

Clerk

Bail, $ no process

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. Section 1956(h) -- Conspiracy to Commit Money Laundering; 18U.S.C. Section 1956(a)(2) -- Money Laundering; 18 U.S.C. Section 1056(a)(1)(B) -- Money Laundering; 18 U.S.C. Section 2314 -- Transportation of Stolen Property

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:

See attached sheet for penalties

Name of District Court, and/or Judge/Magistrate Location (City)
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Venue

**DEFENDANT - U.S.**

PAVEL IVANOVICH LAZARENKO

DISTRICT COURT NUMBER

CR 00 - 0284 MJJ

**PROCEEDING**

Name of Complainant Agency, or Person (&Title, if any)
Federal Bureau of Investigation/SA Bryan Earl
Internal Revenue Service/SA Beth Ruona

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☒ this prosecution relates to a pending case involving this same defendant

SHOW DOCKET NO. CR99-122MJJ

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM: ROBERT S. MUELLER, III
☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): Martha A. Boersch

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☒ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

FDC Pleasanton CA

Has detainer been filed? ☐ Yes ☐ No — If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not Federal

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:

☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

**Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time:

Before Judge:

Comments:

**PENALTY SHEET**

COUNTS ONE THROUGH EIGHT

Up to 20 years imprisonment
$500,000 fine or twice the value of the funds involved
3-year term of supervised release
$100 special assessment
Restitution



COUNTS NINE THROUGH THIRTY-ONE

Up to 10 years imprisonment
$250,000 fine
3-year term of supervised release
$100 special assessment
Restitution

CR · 00 - 0284

FORFEITURE

See Forfeiture Allegation

ROBERT S. MUELLER, III (CSBN 59775)
United States Attorney



MJJ
WHA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL IVANOVICH LAZARENKO,<br>a/k/a "Pavlo Ivanovych Lazarenko,"<br><br>Defendant. | No. CR · 00 - 0284<br><br>VIOLATIONS: Title 18, United States Code, Section 1956(h) – Conspiracy to Commit Money Laundering; Title 18, United States Code, Section 1956(a)(2) – Money Laundering; Title18, United States Code, Section 1956(a)(1)(B) – Money Laundering; Title 18, United States Code, Section 2314 – Transportation of Stolen Property<br><br>SAN FRANCISCO VENUE |

INDICTMENT

INTRODUCTION

1. At all times relevant to this Indictment, Pavel Ivanovich Lazarenko, a/k/a/ "Pavlo Ivanovych Lazarenko" (hereinafter "Lazarenko"), was a citizen and resident of Ukraine.

2. At all times relevant to this Indictment, Peter Nikolayevich Kiritchenko (hereinafter "Kiritchenko") was a citizen of Ukraine and a resident of Poland and the United States. On June 11, 1996, Kiritchenko became a permanent resident legal alien in the United States.

3. From March of 1992 through June of 1994, Lazarenko was a representative of the President of Ukraine in the Dnepropetrovsk District of Ukraine.

4. From June of 1994 through July of 1995, Lazarenko was the Chairman of the

1L

Dnepropetrovsk District Council of People's Deputies.

5. From July of 1995 through September of 1995, Lazarenko was the Head of the Dnepropetrovsk District government.

6. From September of 1995 through May of 1996, Lazarenko was the First Deputy Vice Prime Minister of Ukraine.

7. On May 28, 1996, Lazarenko became the Prime Minister of Ukraine, a position he held until July 1, 1997.

8. After July 1, 1997, Lazarenko became a member of the Ukrainian Parliament and the head of the Hromada Party.

9. On September 14, 1995, Kiritchenko was named an advisor to Lazarenko, who at the time was First Deputy Prime Minister, by Directive No. 568 of the Ukrainian Cabinet of Ministers.

10. On July 12, 1996, Kiritchenko was named as an advisor to then-Prime Minister Lazarenko by Ukrainian Cabinet of Ministers Directive 596. He served as an advisor until he and Lazarenko were dismissed by Ukrainian Cabinet of Ministers Directive 677 on July 3, 1997.

COUNT ONE: (18 U.S.C. § 1956(h) -- Conspiracy to Commit Money Laundering)

11. The allegations set forth in Paragraphs One through Ten of this Indictment are hereby incorporated by reference;

12. On or about and between January 1994 and June 1999, both dates being approximate and inclusive, in the Northern District of California, and elsewhere, the defendant

PAVEL IVANOVICH LAZARENKO,
a/k/a "Pavlo Ivanovych Lazarenko,"

together with Peter Nickolayevich Kiritchenko and others, did knowingly and intentionally conspire to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, to wit: receipt and transfer of property that was stolen, unlawfully converted, and taken by fraud in violation of 18 U.S.C. § 2314 and 2315; extortion as specified in 18 U.S.C. § 1956(c)(7)(B)(ii); and wire fraud in violation of 18 U.S.C. § 1343, knowing that the transactions were designed in whole or

in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §1956(a)(1).

THE MANNER AND MEANS OF THE CONSPIRACY

13. It was a part of the conspiracy that Lazarenko, as a government official in Ukraine, would seek, demand and receive payment from individuals and entities as a condition of doing business in Ukraine.

14. It was further part of the conspiracy that Lazarenko did not disclose to the people or the government of Ukraine that he was receiving payments from individuals and entities doing business in Ukraine.

15. It was further a part of the conspiracy that beginning sometime in 1992, Lazarenko met with Kiritchenko, who was doing business in Ukraine, and told Kiritchenko to give a relative of Lazarenko's 50% of the equity of Kiritchenko's business in Ukraine and to pay Lazarenko 50% of the profits of the business, and thereafter, Kiritchenko paid Lazarenko 50% of the profits of his business in Ukraine.

16. It was further part of the conspiracy that Lazarenko received money from companies owned or controlled by Ukrianian business woman Yulia Tymoshenko, including United Energy Systems of Ukraine ("UESU") and Somolli Enterprises, Inc., in exchange for which Lazarenko exercised his official authority in favor of Tymoshenko's companies, and that Lazarenko failed to disclose to the people and government of Ukraine that he was receiving significant amounts of money from these companies.

17. It was further part of the conspiracy that Lazarenko received money from Mykhola Agafonov, who was the chief administrator of Naukovy State Farm, in exchange for which Lazarenko exercised his official authority to grant Naukovy State Farm certain rights and privileges, and that Lazarenko failed to disclose to the people and government of Ukraine that he was receiving money from Agafonov and Naukovy State Farm..

18. It was further part of the conspiracy that, beginning sometime in 1994, Kiritchenko,

upon Lazarenko's instructions, managed bank accounts Lazarenko established in Switzerland to receive and transfer the money Lazarenko received from Agafonov, UESU, Somolli, as well as other individuals and entities doing business in Ukraine.

19. It was further part of the conspiracy that Kiritchenko, upon Lazarenko's instructions, opened bank accounts in Poland, Switzerland, and other countries into which Kiritchenko and other individuals and entities deposited money that was corruptly and fraudulently paid for the benefit of Lazarenko. These accounts were used in part to conceal and disguise the nature, origin, location, source, ownership and control of the money that was paid for the benefit of Lazarenko and included: accounts held by GHP Corporation at Banque SCS Alliance (account 5452) and at Banque Populaire Suisse (account 823896-2); accounts held by ORPHIN, SA at American Bank in Poland (account 61310) and at Banque Populaire Suisse (account 21383); an account held by Bainfield Company, Ltd. at Banque SCS Alliance (account 5383); an account held by WILNORTH, Inc. at Banque SCS Alliance (account 5451); and an account held by PADDOX INDUSTRIES at Credit Suisse (account number 0251-875709-7).

20. It was further part of the conspiracy that Kiritchenko would transfer money, which was first deposited into Kiritchenko's accounts, into accounts controlled by Lazarenko in Switzerland. These accounts were used in part to conceal and disguise the nature, origin, location, source, ownership and control of the money that was paid for the benefit of Lazarenko and included: an account called KATO-82 at Credit Lyonnais (Suisse) (account 08-05785-3); an account called CARPO-53 at Banque SCS Alliance (account 5353); and an account called NIHPRO at Banque Populaire Suisse (account number 21768), and later at Credit Suisse (account number 988882-52).

21. It was further part of the conspiracy that in May of 1997, Kiritchenko and Lazarenko began negotiations to purchase, and by August 7, 1997, purchased, a share of European Federal Credit Bank in St. John's, Antigua in order to facilitate the transfers of money and to further conceal and disguise the nature, origin, location, source, ownership and control of the money that was paid for the benefit of Lazarenko.

22. It was further a part of the conspiracy that between May and September 1997,

Lazarenko transferred approximately $70,000,000 that Lazarenko had received into accounts he and Kiritchenko controlled at European Federal Credit Bank. These accounts were used in part to conceal and disguise the nature, origin, location, source, ownership and control of the money that was corruptly and fraudulently paid for the benefit of Lazarenko and included: an account controlled by Kiritcheno called ORPHIN (account 151897); an account controlled by Lazarenko called Lady Lake (account 132907); an account controlled by Lazarenko called Fairmont (account 134936); and a personal account of Lazarenko's (account 137978).

23. It was further part of the conspiracy that between 1994 and 1999, Kiritchenko and Lazarenko transferred approximately $114,000,000 that Lazarenko had received into bank and brokerage accounts in the United States for the purpose of disguising the origin and owner of the money. These accounts were used in part to conceal and disguise the nature, origin, location, source, ownership and control of the money that was paid for the benefit of Lazarenko and included accounts at Commercial Bank of San Francisco; Pacific Bank; Merrill, Lynch, Fenner & Smith; WestAmerica Bank; Bank of America; Fleet Boston Robertson & Stephens; and Hambrecht & Quist.

All in violation of Title 18 United States Code, Section 1956(h).

COUNTS TWO THROUGH FIVE: (18 U.S.C. § 1956(a)(2) -- Money Laundering)

24. The allegations in Paragraphs One through Ten of this Indictment are hereby incorporated by reference.

25. On or about the specific dates set forth below, in the Northern District of California and elsewhere, the defendant

PAVEL IVANOVICH LAZARENKO,
a/k/a Pavlo Ivanovych Lazarenko,

did transport, transmit, and transfer, and attempt to transport, transmit and transfer, funds from a place in the United States to or through a place outside the United States, and to a place in the United States from or through a place outside the United States, that is, the wire transfers of money as set forth below, knowing that the funds involved in the transportation, transmission, and transfers represented the proceeds of some form of unlawful activity and knowing that such

transportation, transmission, and transfers were designed in whole or in part to conceal and disguise the nature, source, ownership and control of the proceeds of specified unlawful activity:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 2 | 7/11/94 | Wire transfer of $1,510,000 from ABS Trading Bank of America account number 0337-6948 in San Francisco, CA, to CARPO-53 account number 5353 at Banque SCS Alliance in Geneva, Switzerland |
| 3 | 8/18/94 | Wire transfer of $968,000 from ABS Trading Bank of America account number 0337-6948 in San Francisco, CA, to CARPO-53 account number 5353 at Banque SCS Alliance in Geneva, Switzerland |
| 4 | 12/12/94 | Wire transfer of $1,963,000 from ABS Trading Bank of America account number 0337-6948 in San Francisco, CA, to CARPO-53 account number 5353 at Banque SCS Alliance in Geneva, Switzerland |
| 5 | 1/4/95 | Wire transfer of $2,210,000 from ABS Trading Bank of America account 0337-6948 in San Francisco, CA to NIHPRO account number 21678 at Banque Populaire Suisse in Geneva, Switzerland |

All in violation of Title 18, United States Code, Sections 1956(a)(2) and 2.

COUNTS SIX THROUGH EIGHT: (18 U.S.C. § 1956(a)(1)(B) – Money Laundering)

26. Paragraphs One through Ten of the Indictment are hereby incorporated by reference.

27. On or about the specific dates set forth below, in the Northern District of California and elsewhere, the defendant

PAVEL IVANOVICH LAZARENKO,
a/k/a Pavlo Ivanovych Lazarenko,

did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, that is, the financial transactions set forth below, which transactions involved the proceeds of a specified unlawful activity, to wit: receipt and transfer of property that was stolen, unlawfully converted, and taken by fraud in violation of 18 U.S.C. § 2314 and 2315; extortion as specified in 18 U.S.C. § 1956(c)(7)(B)(ii); and wire fraud in violation of 18 U.S.C. § 1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, source, ownership and control of the proceeds of the specified unlawful activity, and

knowing that the property involved in the financial transaction as set forth below represented the proceeds of some form of unlawful activity:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 6 | 11/21/97 | Wire transfer of $6,000,000 from European Federal Credit bank account number 1752902 at Commercial Bank of San Francisco to European Federal Credit Bank account number H10-6694904 at Hambrecht & Quist |
| 7 | 8/31/98 | Cashier's check for $6,745,000 drawn on Dugsbery, Inc.'s WestAmerica Bank account number 0506368505, deposited into First American Title Co. escrow account for the purchase of a residence located at 100 Obertz Lane, Novato, California |
| 8 | 9/9 /98 | A transfer of $2,300,000 from the Dugsbery, Inc. WestAmerica bank account number 0506368505 to Dugsbery, Inc. account number 34-567156 at Bank Boston Robertson Stephens |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B) and 2.

COUNTS NINE THROUGH THIRTY-THREE: (18 U.S.C. § 2314 -- Transportation of Stolen Property)

28. The allegations in Paragraphs One through Ten of this Indictment are hereby incorporated by reference.

29. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendant

PAVEL IVANOVICH LAZARENKO,
a/k/a Pavlo Ivanovych Lazarenko,

did transport, transmit, and transfer in interstate and foreign commerce, money of the value of $5,000 or more, in the approximate amounts set forth below, knowing the money to have been stolen, converted, and taken by fraud:

| COUNT | DATE | ITEM TRANSFERRED |
|---|---|---|
| 9 | 7/1/94 | Wire transfer of $1,800,000 from LIP Handel account number 502.607.60L at Union Bank of Switzerland in Geneva, Switzerland to ABS Trading account number 0337-6948 at Bank of America |
| 10 | 5/26/97 | Wire transfer of $2,998,000 from First Trading Bank's correspondent account number 500802948 |

| | | |
|---|---|---|
| | | at Commercial Joint Stock Bank Slaviansky to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 11 | 5/28/97 | Wire transfer of $1,662,000 from First Trading Bank's correspondent account number 500802948 at Commercial Joint Stock Bank Slaviansky to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 12 | 5/29/97 | Wire transfer of $394,000 from First Trading Bank's correspondent account number 500802948 at Commercial Joint Stock Bank Slaviansky to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 13 | 6/3/97 | Wire transfer of $1,530,000 from First Trading Bank's correspondent account number 500802948 at Commercial Joint Stock Bank Slaviansky to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 14 | 6/2/97 | Wire transfer of $2,200,000 from First Trading Bank's correspondent account number 500802948 at Commercial Joint Stock Bank Slaviansky to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 15 | 6/4/97 | Wire transfer of $500,000 from First Trading Bank's correspondent account number 500802948 at Commercial Joint Stock Bank Slaviansky to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 16 | 6/5/97 | Wire transfer of $170,000 from First Trading Bank's correspondent account number 500802948 at Commercial Joint Stock Bank Slaviansky to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 17 | 6/6/97 | Wire transfer of $1,000,000 from First Trading Bank's correspondent account number 500802948 |

| | | |
|---|---|---|
| | | at Commercial Joint Stock Bank Slaviansky to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 18 | 6/9/97 | Wire transfer of $510,000 from First Trading Bank's correspondent account number 500802948 at Commercial Joint Stock Bank Slaviansky to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 19 | 6/10/97 | Wire transfer of $2,000,000 from First Trading Bank's correspondent account number 500802948 at Commercial Joint Stock Bank Slaviansky to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 20 | 6/11/97 | Wire transfer of $1,036,000 from First Trading Bank's correspondent account number 500802948 at Commercial Joint Stock Bank Slaviansky to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 21 | 6/23/97 | Wire transfer of $1,400,000 from ORPHIN American Bank in Poland account number 61310 to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 22 | 7/7/97 | Wire transfer of $4,500,000 from ORPHIN American Bank in Poland account number 61310 to European Federal Credit Bank correspondent account number 1752902 at Commercial Bank for credit to European Federal Credit Bank account number 151897 |
| 23 | 7/11/97 | Wire transfer of $3,050,000 from ORPHIN American Bank in Poland account number 61310 to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 24 | 7/11/97 | Wire transfer of $2,602,000 from ORPHIN American Bank in Poland account number 61310 to European Federal Credit Bank correspondent account number 1752902 at Commercial Bank for credit to European Federal credit Bank account |

| | | number 151897 |
|---|---|---|
| 25 | 7/30/97 | Wire transfer of $8,200,000 from GHP Corporation account number 5452 at Banque SCS Alliance in Geneva, Switzerland to European Federal Credit Bank account 270-0148 at Merrill Lynch Fenner & Smith |
| 26 | 8/1/97 | Wire transfer of $14,000,000 from CARPO-53 account number 5353 at Banque SCS Alliance in Geneva, Switzerland to European Federal Credit Bank correspondent account number 645039 at Pacific Bank for credit to European Federal Credit Bank account number 151897 |
| 27 | 8/1/97 | Wire transfer of $14,000,000 from CARPO-53 account number 5353 at Banque SCS Alliance in Geneva, Switzerland to European Federal Credit Bank correspondent account number 1752902 at Commercial Bank for credit to European Federal Credit Bank account number 151897 |
| 28 | 11/24/97 | Wire transfer of $24,000,000 from European Federal Credit Bank account number 562927 at Credit Suisse in Geneva, Switzerland to European Federal Credit Bank account number H10-6694904 at Hambrecht & Quist |
| 29 | 7/24/98 | Wire transfer of $9,000,000 from from Lady Lake account number 20171 at Banque SCS Alliance (Bahamas) to European Federal Credit Bank account number 1752902 at Commercial Bank of San Francisco |
| 30 | 8/5/98 | Wire transfer of $5,300,000 from Lady Lake account number 20171 at Banque SCS Alliance (Bahamas) to Dugsbery, Inc. account number 506361809 at WestAmerica Bank |
| 31 | 8/11/98 | Wire transfer of $4,000,000 from European Federal Credit Bank account number 7372101 at Bankas Hermis in Vilius, Lithuania to Dugsbery, Inc. account number 506361809 at WestAmerica Bank |

All in violation of Title 18, United States Code, Sections 2314 and 2.

//

//

//

//

//

FORFEITURE ALLEGATION: (18 U.S.C. § 982 -- Criminal forfeiture)

30. The allegations contained in Counts One through Nine of this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

31. As a result of the offenses alleged in Counts One through Nine, Pavel Lazarenko shall forfeit to the United States all property, real and personal, involved in such offense, or any property traceable to such property, including but not limited to, approximately $21,696,000, constituting the laundered proceeds of interstate transportation of stolen property, including, but not limited to the following:

1) Real property and improvements located at 100 Obertz Lane, Novato, California, and more particularly described in Attachment 1, hereto; and,

2) All funds seized from account number 34-567156 at Bank Boston Robertson Stephens, in the approximate amount of $266,307.20.

32. By virtue of the commission of the felony offense charged in Counts One through Nine of this Indictment by Pavel Lazarenko, any and all interest that Pavel Lazarenko as in the above-described property is vested in the United States and is hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

33. If any of the property described herein as being subject to forfeiture, as a result of any act or omission of the defendant-

1) cannot be located upon the exercise of due diligence;

2) has been transferred or sold to or deposited with, a third person;

3) has been placed beyond the jurisdiction of the Court;

4) has been substantially diminished in value; or

5) has been commingled with other property which cannot be subdivided without difficulty;

any and all interest Pavel Lazarenko has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 18, United States Code, Section 982(b)(1), up to approximately $21,696,000.

All in violation of Title 18, United States Code, Sections 2314, 1956(h), and 1956(a)(2).

DATED:

A TRUE BILL.

FOREPERSON

ROBERT S. MUELLER, III
United States Attorney

DAVID W. SHAPIRO
Chief, Criminal Division

(Approved as to form: AUSA BOERSCH)

# ATTACHMENT 1

**COMMENCING** at the Northwesterly corner of Lot 439 and being the most Easterly corner of Lot 434 of said 16 Maps 92 witnessed by a found 3/4" Iron Pipe tagged R.C.E. 11629; thence along the line of Lot 434 North 88° 20' 55" West 170.00 feet to a found 3/4" Iron Pipe tagged R.C.E. 11629 being the true point of beginning; thence South 62° 24' 01" West 287.72 feet to the common corner of Lots 433, 434 and 435 of said 16 Maps 92; thence along the Westerly line of said Lot 434, North 51° 18' 30" West 233.39 feet to the Northwesterly corner of said Lot 434 being a point on the Southerly right-of-way of Burning Tree Drive, also being a point on a curve concave to the Southeast, having a radius of 280.00 feet and a central angle of 15° 58' 30"; a radial line through which bears North 51° 18' 30" West; thence continuing Northeasterly along said curve and said Southerly right-of-way of Burning Tree Drive 78.07 feet to a point of reverse curve, concave to the Northwest having a radius of 160.00 feet and a central angle of 23° 10' 00"; thence Northeasterly along said curve 64.69 feet to a point of reverse curve, concave to the Southeast having a radius of 100.00 feet and a central angle of 52° 00' 00"; thence Northeasterly along said curve 90.76 feet to a point of reverse curve, concave to the Northwest having a radius of 160.00 feet and a central angle of 59° 19' 00"; thence Northeasterly along said curve 165.64 feet to a point of reverse curve, concave to the Southeast having a radius of 60.00 feet and a central angle of 54° 44' 02"; thence Northeasterly along said curve 57.32 feet to the Northeasterly corner of said Lot 434, a radial line through which bears North 11° 04' 56" West, witnessed by a found 3/4" Iron Pipe tagged R.C.E. 11629; thence leaving said Southerly right-of-way of Burning Tree Drive along the Easterly line of said Lot 434 the following courses South 11° 04' 56" East 140.00 feet to a found 3/4" Iron Pipe tagged R.C.E. 11629; thence South 23° 17' 34" East 163.71 feet to a found 3/4"Iron Pipe tagged R.C.E. 11629 and being the true point of beginning.

**BEARINGS** are based on found street monuments of said 16 Maps 92, having a radius of 105.00 feet, a central angle of 190° 57' 00", an arc length of 349.93 feet, bearing North 88° 50' 30" East 209.04 feet.

**PARCEL THREE:**

**THAT PORTION** of Marin County Open Space District lands as described by Deed recorded under Document Number 87-56606 and that portion of Marin County Open Space District lands as described by Deed recorded under Document Number 95-043609 being a portion of Lot 439 as shown on Map of Marin Golf and Country Club Estates Unit No. 7, recorded in Volume 16 of Maps, at Page 92, Marin County Records, being more particularly described as follows:

**COMMENCING** at the Northeasterly corner of said Lot 439, said point witnessed by a set 3/4" iron pipe; thence North 50° 23' 44" East 55.00 feet to the Southwesterly right-of-way of Burning Tree Drive, witnessed by a set 3/4" iron pipe on a curve concave to the North, having a radius of 125.00 feet and a central angle of 123° 46' 09", a radial line through which bears North 81° 59' 27" East being the true point of beginning; thence Southeasterly 270.04 feet along said curve and said Southerly right-of-way of Burning Tree Drive to a set 3/4" iron pipe; thence leaving said right-of-way South 28° 53' 06" West 24.57 feet to a set 3/4" iron pipe; thence South 22° 11' 36" West 45.26 feet to a set 3/4" iron pipe; thence South 49° 02' 12" East 26.93 feet to a set 3/4" iron pipe; thence North 54° 04' 43" East 70.91 feet to a set 3/4" iron pipe; thence South 74° 04' 50" East 62.38 feet to a set 3/4" iron pipe; thence South 40° 16' 27" East 70.47 feet to a set 3/4" iron pipe; thence South 63° 46' 32" East 70.69 feet to a set 3/4" iron pipe; thence South 58° 17' 04" East 39.13 feet to a set 3/4" iron pipe; thence South 32° 45' 23" East 55.12 feet to a set 3/4" iron pipe; thence South 03° 29' 54" East 30.35 feet to a set 3/4" iron pipe; thence South 61° 35' 45" West 105.66 feet to a set 3/4" iron pipe; thence South 73° 03' 40" West 71.20 feet to a set 3/4"

continues on the following page.......

**DESCRIPTION**

All that certain real property situate in the City of Novato, County of Marin, State of California, described as follows:

**PARCEL ONE:**

PARCEL 440, as shown upon that certain parcel map entitled, "Parcel Map of Subdivision of Lots 435, 436, 437 & 438, Marin Golf and Country Club Estates Unit No. 7", filed for record October 5, 1978 in Book 15 of Parcel Maps, at Page 72, Marin County Records.

EXCEPTING THEREFROM the following described parcel:

THAT portion of the lands of Charles R. and Sun P. Stephens as to a 96% interest and Michael Brian Stephens as to a 4% interest as described by Deed recorded under Document Number 93-112189 being a portion of Lot 440 as shown on that certain Parcel Map recorded in Book 15 of Parcel Maps, at Page 72, Marin County Records, being more particularly described as follows:

BEGINNING at the Southeasterly corner of said Lot 440 witnessed by a found 3/4" Iron Pipe tagged R.C.E. 11629; thence South 75° 40' 46" West 454.36 feet (South 75° 44' 00" West 454.49 feet) to the Southwesterly corner of Lot 440, witnessed by a found 3/4 Iron Pipe tagged R.C.E. 11629; thence along the Westerly line of Lot 440 North 22° 27' 32" West (North 22° 24' 05" West) 60.00 feet to a set 3/4" Iron Pipe; thence parallel with the Southerly line of Lot 440 North 75° 40' 46" East 437.69 feet to a set 3/4" Iron Pipe on the Easterly line of Lot 440; thence South 37° 16' 42" East 64.51 feet (South 37° 11" 00" East 64.53 feet) to the Southeasterly corner of Lot 440 and being the point of beginning.

BEARINGS are based on found street monuments of said 15 Parcel Map 72, having a radius of 105.00 feet, a central angle of 190° 57' 00", an arc length of 349.93 feet, bearing North 88° 50' 30" East 209.04 feet. All set 3/4" Iron Pipes are tagged L.S. 5970.

**PARCEL TWO:**

LOT 434, as shown upon that certain map entitled, "Map of Marin Golf and Country Club Estates Unit No. 7, City of Novato, County of Marin, State of California", filed for record April 13, 1977 in Volume 16 of Maps, at Page 92, Marin County Records.

EXCEPTING THEREFROM the following described parcel:

THAT portion of the lands of Charles R. and Sun P. Stephens as to a 96% interest and Michael Brian Stephens as to a 4% interest as described by Deed recorded under Document Number 93-112189 being a portion of Lot 434 as shown on that certain Record Map recorded in Book 16 of Maps, at Page 92, Marin County Records, being more particularly described as follows:

continues on the following page.......

iron pipe; thence South 52° 54' 41" West 54.81 feet to a set 3/4" iron pipe; thence South 30° 20' 41" West 170.44 feet to a set 3/4" iron pipe; thence South 54° 42' 03" West 103.61 feet to a set 3/4" iron pipe; thence South 59° 23' 06" West 56.94 feet to a set 3/4" iron pipe; thence South 29° 08' 30" West 122.87 feet to a set 3/4" iron pipe; thence South 38° 23' 40" West 44.93 feet to a set 3/4" iron pipe; thence South 67° 32' 58" West 86.88 feet to a set 3/4" iron pipe; thence North 28° 33' 57" West 237.93 feet to a set 3/4" iron pipe; thence North 11° 08' 36" East 289.34 feet to a set 3/4" iron pipe; thence North 06° 38' 17" West 224.22 feet to a found 3/4" iron pipe tagged R.C.E. 11629 marking the Northwest corner of said Lot 439 and being the most Easterly corner of Lot 434 of said 16 Maps 92; thence along the Northerly line of Lot 439 North 64° 30' 00" East 124.97 feet; thence along the Northerly line of Lot 439 North 50° 23' 44" East 40.62 feet to a set 3/4" iron pipe marking the Northeasterly corner of Lot 439; thence continuing North 50° 23' 44" East 55.00 feet to a set 3/4" iron pipe marking the true point of beginning.

BEARINGS are based on found street monuments of said 16 Maps 92, having a radius of 105.00 feet, a central angle of 190° 57' 00", an arc length of 349.93 feet, bearing North 88° 50' 30" East 209.04 feet. All set 3/4" iron pipes are tagged L.S. 5970.

PARCEL FOUR:

THAT portion of Marin County Open Space District lands as described by Deed recorded under Document Number 95-043609 being a portion of Lot 439 as shown on Map of Marin Golf & Country Club Estates Unit No. 7, recorded in Volume 16 of Maps at Page 92, Marin County Records, being more particularly described as follows:

BEGINNING at the Northwesterly corner of said Lot 439 and being the most Easterly corner of Lot 434 of said 16 Maps 92 witnessed by a found 3/4" iron pipe tagged R.C.E. 11629; thence along the Westerly line of Lot 439 the following courses South 31° 54' 53" West 105.56 feet to a found 3/4" iron pipe tagged Marin County Surveyor; thence South 10° 19' 02" East 79.75 feet to a point on a curve concave to the Southeast having a radius of 36.00 feet and a central angle of 137° 14' 22"; thence Westerly and Southerly 86.23 feet along said curve to a point of reverse curve, concave to the West having a radius of 54.00 feet and a central angle of 58° 49' 25"; thence Southerly 55.44 feet along said curve to a point of reverse curve, concave to the East having a radius of 95.00 feet and a central angle of 10° 09' 48"; thence Southerly 16.85 feet along said curve; thence South 10° 38' 00" West 142.50 feet to the beginning of a curve concave to the East having a radius of 115.00 feet and a central angle of 47° 49' 00"; thence Southerly 95.97 feet along said curve; thence South 37° 16' 42" East (South 37° 11' 00" East) 267.55 feet to a set 3/4" iron pipe, said point witnessed by a found 3/4" iron pipe tagged R.C.E. 11629 at the Southwest corner of Lot 439 bearing South 37° 16' 42" East 64.51 feet (South 37° 11' 00" East 64.53 feet); thence leaving the Westerly line of Lot 439 North 02° 53' 03" West 22.55 feet to a set 3/4" iron pipe; thence North 28° 33' 57" West 237.93 feet to a set 3/4" iron pipe; thence North 11° 08' 36" East 289.34 feet to a set 3/4" iron pipe; thence North 06° 38' 17" West 224.22 feet to the point of beginning.

BEARINGS are based on found street monuments of said 16 Maps 92, having a radius of 105.00 feet, a central angle of 190° 57' 00", an arc length of 349.93 feet, bearing North 88° 50' 30" 209.04 feet. All set 3/4" iron pipes are tagged L.S. 5970.

continues on the following page.......

PARCEL FIVE:

THAT portion of the lands of Charles R. and Sun P. Stephens as to a 96% interest and Michael Brian Stephens as to a 4% interest as described by Deed recorded under Document Number 93-112189 being a portion of Lot 434 as shown on that certain Record Map recorded in Book 16 of Maps, at Page 92, Marin County Records, being more particularly described as follows:

COMMENCING at the Northwesterly corner of Lot 439 and being the most Easterly corner of Lot 434 of said 16 Maps 92 witnessed by a found 3/4" Iron Pipe tagged R.C.E. 11629; thence along the line of Lot 434 North 88° 20' 55" West 170.00 feet to a found 3/4" Iron Pipe tagged R.C.E. 11629 being the true point of beginning; thence South 62° 24' 01" West 287.72 feet to the common corner of Lots 433, 434 and 435 of said 16 Maps 92; thence along the Westerly line of said Lot 434, North 51° 18' 30" West 233.39 feet to the Northwesterly corner of said Lot 434 being a point on the Southerly right-of-way of Burning Tree Drive, also being a point on a curve concave to the Southeast, having a radius of 280.00 feet and a central angle of 15° 58' 30"; a radial line through which bears North 51° 18' 30" West; thence continuing Northeasterly along said curve and said Southerly right-of-way of Burning Tree Drive 78.07 feet to a point of reverse curve, concave to the Northwest having a radius of 160.00 feet and a central angle of 23° 10' 00"; thence Northeasterly along said curve 64.69 feet to a point of reverse curve, concave to the Southeast having a radius of 100.00 feet and a central angle of 52° 00' 00"; thence Northeasterly along said curve 90.76 feet to a point of reverse curve, concave to the Northwest having a radius of 160.00 feet and a central angle of 59° 19' 00"; thence Northeasterly along said curve 165.64 feet to a point of reverse curve, concave to the Southeast having a radius of 60.00 feet and a central angle of 54° 44' 02"; thence Northeasterly along said curve 57.32 feet to the Northeasterly corner of said Lot 434, a radial line through which bears North 11° 04' 56" West, witnessed by a found 3/4" Iron Pipe tagged R.C.E. 11629; thence leaving said Southerly right-of-way of Burning Tree Drive along the Easterly line of said Lot 434 the following courses South 11° 04' 56" East 140.00 feet to a found 3/4" Iron Pipe tagged R.C.E. 11629; thence South 23° 17' 34" East 163.71 feet to a found 3/4"Iron Pipe tagged R.C.E. 11629 and being the true point of beginning.

BEARINGS are based on found street monuments of said 16 Maps 92, having a radius of 105.00 feet, a central angle of 190° 57' 00", an arc length of 349.93 feet, bearing North 88° 50' 30" East 209.04 feet.

EXCEPTING THEREFROM all that portion as described in the Deed from Stephens Properties, Inc., to Kurt Petrie, et al, as Trustees recorded March 18, 1998 as Recorder's Serial No. 98-016835, Marin County Records, described as follows:

COMMENCING at the Northeasterly corner of said Lot 434 said point witnessed by a found 3/4" Iron Pipe tagged R.C.E. 11629; thence along the Easterly line of said Lot 434 South 11° 04' 55" East 140.00 feet to an angle point witnessed by a found 3/4" Iron Pipe tagged R.C.E. 11629 said point being the True Point of Beginning; thence South 18° 31' 05" West 125.55 feet to a set 3/4" Iron Pipe tagged L.S. 5970; thence South 73° 20' 02" East 109.20 feet to a found 3/4" Iron Pipe tagged R.C.E. 11629 marking an angle point in the Easterly line of said Lot 434; thence along the Easterly line of said Lot 434 North 23° 17' 43" West 163.71 feet to the True Point of Beginning.