IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, | No. C00-00284 MJJ |
| Plaintiff, | **AMENDED ORDER DENYING ALEXEI DITIATKOVSKY'S PETITION REQUESTING RESTITUTION** |
| v. | |
| LAZARENKO, | |
| Defendant. | |

On January 10, 2007 Alexei Ditiatkovsky filed a petition requesting restitution of funds allegedly extorted from him by defendant Pavel Lazarenko. Ditiatkovsky asserted that he is a victim of Lazarenko's extortionate conduct committed in the course of the conspiracy underlying his conviction on Count 1 of the Second Superseding Indictment.

Defendant Lazarenko and the government filed replies to the petition arguing that Ditiatkovsky does not qualify as a victim and is not entitled to restitution under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663(A).

Having reviewed and considered the briefs and arguments submitted by the parties and the government, the Court determines that the petition requesting restitution should be DENIED.

The fundamental flaw in Ditiatkovsky's petition is that it assumes he is a victim of the crime of conviction; he is not. While the indictment contained allegations related to the extortion

of both Ditiatkovsky and Kiritchenko as predicates for money laundering, the United States did not present evidence relating to the extortion of Ditiatkovsky. Thus, the only extortion established at trial, and found by the jury, related to Kiritchenko. In other words, Lazarenko was convicted of a money laundering conspiracy that was narrower in scope than the one alleged, and it did not involve Ditiatkovsky. Accordingly, he is not a victim.

The cases relied upon by Ditiatkovsky do not support his petition. In *United State v. Bright*, 353 F.3d 1114 (9th Cir. 2004), the defendant admitted through his plea that he had established a scheme to defraud that was both incorporated in and broader than the counts of conviction. The acknowledgment of his participation in this scheme to defraud undergirded the district court's award of restitution for losses caused by the dismissed conduct related to the scheme. In contrast, defendant Lazarenko has not admitted extorting Ditiatkovsky, and there was no evidence presented at trial to support a finding that Ditiatkovsky had been extorted.

The decisions in *United States v. Lawrence*, 189 F.3d 838, 847 (9th Cir. 1999) and *United States v. Reed*, 80 F.3d 1419, 1423 (9th Cir. 1996), point to the same conclusion. In each case restitution for conduct that was not part of the specific counts of conviction was based on explicit findings that the losses were caused by conduct that was part of the same scheme or conspiracy as the counts of conviction.

In contrast, Lazarenko's conviction for the extortion of Kiritchenko and the conspiracy to launder the proceeds of that extortion, does not establish guilt for the extortion of Ditiatkovsky. Lazarenko's guilt and Ditiatkovsky's entitlement to restitution would have to be established, if at all, by new and independent evidence. This is not the function of a restitution hearing under the MVRA.

///
///
///
///
///
///

2

In view of the Court's determination that Ditiatkovsky does not qualify as a victim, it is not necessary to reach the question of whether Ditiatkovsky's petition requesting restitution was timely filed.

For the reasons set forth above, Ditiatkovsky's petition requesting restitution is DENIED.

Dated: 5/30/2007

Martin J. Jenkins
United States District Judge