IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br> v.<br><br>LAZARENKO,<br><br>        Defendant.<br>_____/ | No. C00-00284 MJJ<br><br>**ORDER:**<br><br>**(1) DENYING UNITED STATES' MOTION FOR A RULING THAT THE COURT LACKS JURISDICTION OVER THE LIQUIDATORS' THREE DEFENSES TO THE MERITS OF THE FORFEITURE AND TO DISMISS THE LIQUIDATORS' PETITION FOR FAILURE TO STATE A CLAIM**<br><br>**(2) DENYING LIQUIDATORS' MOTION FOR RETURN OF ILLEGALLY SEIZED FUNDS** |

## INTRODUCTION

Before the Court are two motions. Claimants Liquidators of European Federal Credit Bank, In Liquidation ("Liquidators") have renewed their Motion For Return Of Illegally Seized Funds (Docket No. 909), which requests the return of assets that were subject to criminal forfeiture by Plaintiff United States of America ("United States" or "Government") in this criminal action against Defendant Pavel Lazarenko. The Government has also filed a Motion For A Ruling That The Court Lacks Jurisdiction Over The Liquidators' Three Defenses To The Merits Of The Forfeiture; And To Dismiss The Liquidators' Petition For Failure To State A Claim. (Docket No. 1187.) Intervenor and Claimant Universal Trading & Investment Co. ("UTICo") has joined in the Government's motion. (Docket No. 1183.)

For the following reasons, the Court **DENIES** the Liquidator's Motion and **DENIES** the Government's Motion.

**BACKGROUND FACTS**

From 1997 to 1999, Defendant Pavel Lazarenko deposited various monies and Ukranian bonds into the European Federal Credit Bank in Antigua ("Eurofed"). In 1999, Antiguan governmental authorities began an investigation of Eurofed for alleged money-laundering activities, and placed Eurofed into receivership. Antiguan governmental authorities subsequently appointed PriceWaterhouseCoopers partners Donald B. Ward and Charles W.A. Walwyn, as joint liquidators of Eurofed.

In June 2004, a jury returned a guilty verdict against defendant Pavel Lazarenko on conspiracy to money launder, substantive money laundering counts, wire fraud, and interstate transportation of stolen property. (Docket Nos. 811-12.) Following Lazarenko's conviction, but before this Court sentenced Lazarenko, the Government initiated separate civil forfeiture proceedings regarding certain funds and bonds in dispute here by filing a complaint against the res, No. C 05-946 MJJ, in March 2005. In October 26, 2005, this Court dismissed the civil forfeiture action as barred by the application statute of limitations, 19 U.S.C. § 1621. That same day, the Government obtained a criminal seizure warrant for the same res under 21 U.S.C. § 853(f). In these criminal proceedings,
by means of a preliminary order of forfeiture issued on April 24, 2006, and a supplemental preliminary order of forfeiture issued on September 29, 2006, the Court ordered that Lazarenko forfeit to the United States all of his right, title and interest in funds and bonds in three Bank of America ("BofA") accounts. (Docket Nos. 947 and 1080.)

On January 17, 2006, Liquidators filed a Motion for Return of Illegally Seized Funds, arguing that the Government's criminal seizure was unlawful, and requesting that the seized assets be returned to the Antiguan liquidation proceedings. (Docket No. 909.) In an April 21, 2006 Order, the Court determined that it should wait until an ancillary proceeding after sentencing to consider the Liquidators' claims. (Docket No. 946.) Liquidators filed an appeal with the Ninth Circuit regarding

this April 21, 2006 Order as well as the April 24, 2006 preliminary order of forfeiture, which was dismissed for lack of appellate jurisdiction. *United States v. Lazarenko*, 469 F.3d 815 (9th Cir. 2006), *amended by* 476 F.3d 642 (9th Cir. 2007).

An ancillary proceeding to determine the validity of third parties' claims to the forfeited assets commenced after the Court's entry of the preliminary order of forfeiture. Liquidators are one of two claimants that have filed petitions to adjudicate their interest in the forfeited funds and bonds. (Docket No. 956.)[1] The Liquidators claim ownership of the following forfeited assets (hereafter "Disputed Assets"):

1. approximately $1,379,879.09 in funds plus interest from BofA account #W71-223433;
2. approximately $327,317.85 in funds plus interest and share equity from 923,000 Ukranian bonds in BofA account #W71-224464; and
3. approximately $273,678.30 in funds plus interest from BofA account #W71-224464 (the same account).

(Docket No. 956.)

The two instant motions are part of the ongoing ancillary proceedings.

## DISCUSSION

**A. Liquidators Can Challenge The Validity Of The Underlying Forfeiture In An Ancillary Proceeding.**

As a threshold issue, the Government contends that this Court should not reach Liquidators' arguments predicated on res judicata, statute of limitations, and act of state theories at all because they are outside the scope of the issues that can be adjudicated in an ancillary proceeding under 21 U.S.C. § 853(n)(6). Specifically, the Government contends that 21 U.S.C. § 853(n)(6)(A) and (B) provide the only two permissible theories cognizable during an ancillary proceeding by which a third party may establish ownership of assets that have been forfeited.

21 U.S.C. § 853(n)(6) provides:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that–

---

[1] UTICo, which has filed a joinder to the Government's pending motion, is the other claimant.

3

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

The government contends that legal arguments such as res judicata and statutes of limitations fall outside the scope of the statutorily-permitted bases that may be raised by third parties for amendment of an order of forfeiture.[2]

This Court rejects the proposition that third parties are unable to challenge the underlying validity of a forfeiture order by means of a Section 853(n) petition. Appellate courts examining this issue have concluded that it was Congress' clear intention in passing Section 853(n) that third parties may be awarded relief if they were to show a cognizable interest in the property preliminarily ordered forfeited, including interests vindicated by challenging the validity of the underlying forfeiture itself. Due process requires no less. As the Fourth Circuit, which has expressly analyzed this issue, found:

> Nothing in § 853(n) explicitly acknowledges the right of third parties to attack the validity of the forfeiture order by proving that a particular asset was not forfeitable under the terms of the statute. Serious due

---

[2] The Government at times presents this argument as an issue of "jurisdiction" or "standing." To the extent that the Government contends that the Court lacks jurisdiction to hear Liquidator's petition, or that Liquidators lack standing to bring a petition, the Court disagrees with the Government's premise. The Court has jurisdiction to "adjudicate the validity of [a third party's] alleged interests" under 21 U.S.C. § 853(n)(2); *see also* Federal Rule of Criminal Procedure 32.2(c)(2) (district court can enter any "final order" in an ancillary proceeding "as necessary to account for any third-party rights"). Moreover, Liquidators have standing to contest forfeiture here given that it is not disputed that certain of the assets at issue were in Eurofed bank accounts. "[A]ny person . . . asserting a legal interest in property which has been ordered forfeited to the United States to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). For purposes of standing, "[i]n order to contest a forfeiture, a claimant need only have some type of property interest in the forfeited items. This interest need not be an ownership interest; it can be any type of interest, including a possessory interest." *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1057 (9th Cir. 1994); *see also United States v. Alcaraz-Garcia*, 79 F.3d 769, 774 n. 10 (9th Cir. 1996) ("simply alleging an ownership interest is sufficient to give [claimants] standing" to challenge a forfeiture in an ancillary proceeding).

4

> process questions would be raised, however, if third parties asserting an interest in forfeited assets were barred from challenging the validity of the forfeiture. The determination made at the defendant's criminal trial that the property was subject to forfeiture cannot be considered binding on persons who were not only not parties to the criminal action but were specifically barred from intervening.

*United States v. Reckmeyer*, 836 F.2d 200, 206 (4th Cir. 1987); *see also United States v. McHan*, 345 F.3d 262, 270 (4th Cir. 2003) (reading § 853(n) to allow challenges to the validity of the forfeiture); *U.S. v. $20,193.39 U.S. Currency*, 16 F.3d 344, 347 (9th Cir. 1994) ("The legislative history of § 853(n) and its RICO counterpart reveals that Congress intended to provide a means by which third parties challenging the validity of a forfeiture order could have their claims adjudicated.").[3]

The Court will therefore reach the merits of the res judicata, statute of limitations, act of state, and comity arguments raised by Liquidators.[4]

**B.   The Criminal Forfeiture Of The Disputed Assets Was Timely And Is Not Barred By The Statute Of Limitations.**

Liquidators contend that the Disputed Assets are not subject to criminal forfeiture because the Government did not seek criminal forfeiture against these specific assets until October 2005, more than five years after Lazarenko's predicate offenses were committed. *See* 18 U.S.C. § 2382 (establishing five-year period of limitations for criminal charges brought against Lazarenko). The Court disagrees, and finds that the criminal forfeiture of the Disputed Assets was timely.

As an initial matter, this Court has previously found that the predicate charges brought against Lazarenko giving rise to the criminal forfeiture were timely brought in this action, under the

---

[3] Moreover, the Court is persuaded that legal defenses such as res judicata and statute of limitations are properly considered part of a third party's attempt to claim a superior ownership interest as contemplated by 21 U.S.C. § 853(n)(6)(A). *See United States v. Waterboro*, 64 F.3d 752, 756 (1st Cir. 1995) ("To challenge the forfeitability of the Maine properties, the Cunans must await the entry of an order of forfeiture and petition for a hearing under § 853(n)(2), at which time they may press their claim that they have a superior interest in the properties as a matter of res judicata.") (citing 21 U.S.C. § 853(n)(6)(A)). The Government concedes, as it must, that the ancillary proceeding is analogous to an equitable proceeding to quiet title. (Government Motion at 6:20-21.) Legal defenses such as res judicata or a limitations bar ordinarily defeat an otherwise valid title claim in the quiet title context. Similarly, courts considering res judicata arguments by criminal defendants in connection with criminal forfeitures consistently recognize that such legal defenses can defeat can an otherwise valid claim to title by the government. *See, e.g., United States v. Cunan*, 156 F.3d 110, 120 (1st Cir. 1998); *United States v. Lots 43 Through 46*, 935 F.2d 1134, 1138 (10th Cir. 1991); *United States v. Maul*, 855 F.2d 514, 517 (8th Cir. 1988).

[4] Because the Court agrees with Liquidators that third parties may challenge the underlying validity of a forfeiture order by means of a Section 853(n) petition, the Court need not reach Liquidators' argument that the doctrine of judicial estoppel bars the Government's contention to the contrary.

5

applicable five-year statute of limitations established by 18 U.S.C. § 3282, as extended under 18 U.S.C. § 3292 while the United States was obtaining foreign evidence. (Docket No. 128.) The Liquidators do not challenge that ruling here.

Instead, Liquidators argue that the failure to identify the specific funds and bonds at issue within the limitations period, either in the indictment or the Government's post-verdict motion for forfeiture, precludes forfeiture on the basis of timeliness. Liquidators' position, however, is not supported under present law.

Since adoption in 2000, Federal Rule of Criminal Procedure 32.2 has governed criminal forfeiture proceedings. Rule 32.2(a) states:

> A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute.

The Advisory Committee Notes to this subsection of Rule 32.2 state:

> As courts have held, ***subdivision (a) is not intended to require that an itemized list of the property to be forfeited appear in the indictment or information itself.*** The subdivision reflects the trend in caselaw interpreting present Rule 7(c). Under the most recent cases, Rule 7(c) sets forth a requirement that the government give the defendant notice that it will be seeking forfeiture in accordance with the applicable statute. ***It does not require a substantive allegation in which the property subject to forfeiture, or the defendant's interest in the property, must be described in detail.***

(Emphasis added; case citations omitted).

Rule 32.2 and its legislative history make clear that a defendant is not entitled to an itemized list of the property to be forfeited as part of the indictment. Contrary to Liquidator's assertions, Rule 32.2(a) only requires that the United States give the defendant general notice that it will be seeking forfeiture in accordance with the applicable statute. Here, the Government gave Lazarenko adequate notice within the limitations period that it would be seeking criminal forfeiture. (Docket No. 143) Moreover, because criminal forfeiture is not a separate, substantive charge; but is instead part of the sentence (*see Libretti v. United States*, 516 U.S. 29, 39-40 (1995)), the later identification of specific forfeitable assets after conviction does not constitute an impermissible attempt to "broaden" the indictment as Liquidators contend.

6

Liquidators rely heavily on *United States v. Gilbert*, 244 F.3d 888 (11th Cir. 2001) for the proposition that the indictment must allege the specific property that will be subject to forfeiture. However, *Gilbert* applied older versions of the Federal Rules of Criminal Procedure which provided defendants a statutory right to have the amount of property subject to forfeiture determined by a jury. *See id.* at 915-16; *cf.* Advisory Committee Notes to Rule 32.2. Likewise, *United States v. Loe*, 248 F.3d 449, 464 (5th Cir. 2001), also cited by Liquidators, applied an earlier version of the Federal Rules of Criminal Procedure and is inapposite. As the Advisory Committee Notes to Rule 32.2 make clear, such specificity is no longer required. None of the authorities cited by Liquidators require that the Government, within the statute of limitations period, notify third parties of specific assets that it will pursue through criminal forfeiture procedures.[5] To the contrary, Rule 32.2 contemplates that, after conviction, a court will determine which property was involved in the criminal offense for which the defendant has been convicted, and that a subsequent ancillary proceeding is the forum for determining the extent of the defendant's forfeitable interest in the property and the adjudication of any third party interest in such property. *See* Advisory Committee Notes to Rule 32.2.[6]

Accordingly, the Court finds that Liquidators have failed to establish that the criminal forfeiture is untimely.

**C.   Res Judicata Does Not Bars Criminal Forfeiture Of The Accounts At Issue.**

In the alternative, Liquidators contend that this Court's dismissal with prejudice of the government's civil forfeiture action with respect to the Disputed Assets bars criminal forfeiture of the same assets under the doctrine of res judicata. After careful consideration, the Court find that the that res judicata does not operate here to bar criminal forfeiture of the Disputed Assets.

---

[5] Neither *United States v. Marolf*, 173 F.3d 1213 (9th Cir. 1999) *nor United States v. Saphi*, 177 F.3d 748 (9th Cir. 1999) both relied upon by Liquidators, even involved criminal forfeiture proceedings. In *Marolf* and *Spahi,* the court dismissed civil forfeiture actions that were clearly field outside of the limitations period.

[6] Liquidators also contend that permitting the Government to first identify specific property for criminal forfeiture after the statute of limitations period would create a "potential for abuse" and let the Government forfeit property "for an unlimited time." The Court finds these contentions unconvincing. The Government's time to seek criminal forfeiture of specific assets is not unbounded, given that the Government's ability to bring underlying criminal charges is still subject to applicable statutes of limitation. Moreover, Federal Rule of Civil Procedure 32.2 requires the Court to determine what specific property is subject to forfeiture "[a]s soon as practicable after verdict or finding of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought."

7

Res judicata acts as a bar where there was an earlier suit that (a) involved the same "claim" or cause of action as the later suit, (b) reached a final judgment on the merits; and (c) involved identical parties or privies. *Tahoe-Sierra Preservation Council v. Tahoe Reg. Planning*, 322 F.3d 1064, 1077 (9th Cir. 2003); *Sidhu v. Fletco Co.*, 279 F.3d 896, 900 (9th Cir. 2002). The government vigorously contests that either of the first two elements have been established, but does not challenge the third. The Court examines each of the two disputed elements below.

### 1. Adjudication On The Merits.

The Government contends that dismissal of the civil forfeiture action based on a civil statute of limitations does not constitute an adjudication on the merits for purposes of res judicata. Ninth Circuit precedent, however, contradicts the Government's position. In *Tahoe Sierra Pres. Council v. Tahoe Reg. Planning*, 322 F.3d 1064 (9th Cir. 2003), the court applied a dismissal on statute of limitations grounds as a bar on *res judicata* grounds, noting that "[t]he Supreme Court has unambiguously stated that a dismissal on statute of limitations grounds is a judgment on the merits." *Id.* at 1084 (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995)). Likewise, in *Ellingson v. Burlington North., Inc.*, 653 F.2d 1327 (9th Cir. 1981), the Ninth Circuit found that res judicata applied because of an earlier claim dismissed on statute of limitations grounds. *Id.* at 1331 n.3 ("A judgment based on the statute of limitations is 'on the merits.'"). These authorities draw on long-standing principles recognized by the Supreme Court. *See, e.g., United States v. Oppenheimer*, 242 U.S. 85, 87 (1916) (applying res judicata to statute of limitations dismissal to preclude a criminal action).

The Government argues that these precedents failed to recognize the principle, articulated in other Supreme Court and Ninth Circuit authorities, that statutes of limitations "generally cut off the remedy without extinguishing the right." *See, e.g.*, *Osmundsen v. Todd Pacific Shipyard*, 755 F.2d 730, 733 (9th Cir. 1985); *Semtek Int'l Inc. v. Kockheed Martin Corp.*, 531 U.S. 497, 504 (2001). As applied here, however, this is a distinction without a difference. Dismissal on statute of limitations grounds of a civil forfeiture action still satisfies the res judicata requirement that there be a "final

adjudication on the merits" of the dismissed claim.[7]

The Government focuses in particular on *Semtek*, in which the Supreme Court considered whether the claim-preclusive effect of a federal judgment dismissing a diversity action on statute-of-limitations grounds is determined by the law of the state in which the federal court sits. *Semtek*, 531 U.S. at 499. *Semtek* did not, however, recognize a "longstanding rule" (Government's Opp. at 12:10), nor establish a new general rule under federal substantive law, governing the preclusive effect of dismissals based on statutes of limitations. The key passage from *Semtek* cited by the government merely discussed how many states, under their ***own*** substantive law, apply res judicata. Semtek observed that many states employ:

> the traditional rule [which] is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods.

*Id.* at 504 (citing Restatement (Second) of Conflicts of Laws § 142(2), 143 (1969) and Restatement of Judgments § 49, Comment a (1942)). *Semtek* expressly observed, however, that jurisdictions vary in whether they provide claim-preclusive effect to judgments that do not pass on the substantive merits of a claim. *Id.* Indeed, *Semtek* specifically contrasted California state law with federal law regarding the claim-preclusive effect of dismissals based on untimeliness by comparing two California state decisions that ***did not*** apply claim-preclusive effect with an earlier Supreme Court decision resting on federal law that ***did***. *See id.* at 502 (comparing California state decisions with *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995)).[8] This Court cannot read *Semtek* as

---

[7] Most of the authorities cited by the government merely stand for the general principle that a statute of limitations generally cuts off the remedy without extinguishing the right. Moreover, the government's citation to *In re Marino*, 181 F.3d 1142 (9th Cir. Bankr. 1999) is misplaced. The bankruptcy court in *Marino*, after dismissing a Chapter 11 proceeding as untimely, allowed the timely filing of identical claims in a subsequent Chapter 7 proceeding. *Id.* at 1146. The Ninth Circuit endorsed this result, but explicitly stated that its holding departed from the normal rule that "for res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits" because the bankruptcy judge had expressly stated that his dismissal of the Chapter 11 action was not intended to bar the filing of a new complaint. *Id.* at 1144-45. Marino therefore expressly clarified that its holding was limited to "the unique world of the bankruptcy rules" and "the particular facts of this case" and did not "subject res judicata law to a bouleversement." *Id.* at 1146.

[8] Notably, in *Plaut*, the Supreme Court observed that for purposes of the finality of judgments under res judicata that "it is irrelevant as well that the final judgments reopened by § 27A(b) rested on the bar of a statute of limitations. The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on

9

1 contravening the weight of federal law that dismissal based on statutes of limitations grounds will
2 satisfy the finality element of res judicata.[9]

3 Accordingly, the Court will treat its dismissal of the Government's civil forfeiture action as a
4 final judgment on the merits for purposes of analyzing res judicata issues.

**2. Identity of Claims.**

Liquidators' res judicata argument therefore rises or falls depending whether there is the requisite identity of claims between the dismissed civil forfeiture action and the preliminary order of forfeiture in this criminal action.

To determine whether actions involved the same "claim", courts consider a variety of factors in this circuit, including:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions, (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). Important to this analysis, also, is whether the at-issue claim could have been brought in the first action. "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Tahoe-Sierra*, 322 F.3d at 1078; *see also Costantini*, 681 F.2d at 1201 ("the doctrine of res judicata (or claim preclusion) bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action") (quotation omitted). However, "[n]o single criterion can decide every res judicata question; identity of causes of action cannot be determined precisely by mechanistic application of a simple test." *Id.* at 1202 n.7.

Here, two of the *Costantini* factors – the second and fourth factors – support a finding of

---

the merits." 514 U.S. at 228.

[9] Moreover, the "traditional rule" followed by some states, and commented upon by *Semtek*, specifically deals with how conflict of laws principles apply where two different sovereign jurisdictions have limitations periods of different length. The situation before this Court does not involve the limitations periods of two different jurisdictions.

10

identity of claims. *See id.* at 1201-02. Nearly identical evidence is relevant for resolving the merits of the civil and criminal forfeiture efforts by the Government, and the civil and criminal forfeiture claims essentially arise out of the same transactional nucleus of facts. However, two of the *Costantini* factors – the first and third factors – point the other way. *See id.* at 1201-02. The underlying rights involved in the two forfeiture claims are significantly different – a criminal forfeiture is considered a punitive sanction against the defendant in an *in personam* proceeding, while a civil forfeiture is considered a remedial *in rem* proceeding and constitutes a judgment against property. Moreover, it cannot fairly be said that the right vindicated by resolution of the civil forfeiture action – the right of Liquidators not to be subject to an untimely forfeiture action – is impaired by allowing a criminal forfeiture process, which this Court has already found to be timely, to proceed.

The most important factor in the Court's analysis, ultimately, is the fact that the criminal forfeiture claim could not have been brought as part of the separate civil forfeiture action brought by the Government. *See Tahoe-Sierra*, 322 F.3d at 1078; *Costantini*, 681 F.2d at 1201; 18 Wright, Miller & Cooper; Federal Practice and Procedure, Jurisdiction 2d § 4412 ("It is clear enough that a litigant should not be penalized for failing to seek unified disposition of matters that could not have been combined in a single proceeding."). In this Court's view, given the lack of any opportunity for the Government to seek unified disposition of its civil and criminal forfeiture objectives in a single proceeding, claim preclusion is not appropriate here.[10] The core interest that the doctrine of res judicata serves – that of avoiding piecemeal or repetitious litigation by requiring a plaintiff to be prepared to advance all potentially meritorious theories together – is not served by enforcing claim preclusion where the plaintiff had no practical means to resolve the claims in a single proceeding. Where both claims could not have been resolved in the same proceeding, giving claim preclusive effect to a dismissal for untimeliness is even less appropriate. *See* 18A Wright, Miller & Cooper; Federal Practice and Procedure, Jurisdiction 2d § 4441 (dismissal of untimely complaint should not

---

[10] The result in *United States v. Banco International/Bital S.A.*, 110 F. Supp. 2d 1272 (C.D. Cal. 2000), cited by Liquidators, is distinguishable on this basis. In *Banco International*, the Court found civil forfeiture and civil penalty actions sufficiently identical to apply res judicata, in significant part because the Government could have brought both in one proceeding. *Id.* at 1277-78.

11

1  preclude separate timely complaint where "second complaint is properly brought in a proceeding
2  that could not have been brought at the time, or in the court, of the first proceeding.")  Here, in fact,
3  the criminal forfeiture action was already pending at the time the civil forfeiture action was filed,
4  although the assets in dispute here had not yet been specifically identified for criminal forfeiture.

5  Liquidators contend that this Court should adopt the reasoning of *United States v. Cunan*,
6  156 F.3d 110 (1st Cir. 1998), which applied res judicata principles to dismiss a criminal forfeiture
7  proceeding where an earlier civil forfeiture action directed at the same property had been voluntarily
8  dismissed with prejudice by the government.  *Id.* at 112.  In so doing, the *Cunan* found an identity of
9  claims between the civil and criminal forfeiture claims.  *Id.* at 115-16.  The *Cunan* court recognized
10 that most authority did not consider civil and criminal proceedings to involve the same cause of
11 action, and further recognized that "[b]ecause criminal and civil remedies cannot be pursued in the
12 same proceeding, it would seem unjust for the failure to seek both at the same time to trigger res
13 judicata consequences."  *Id.* at 115.  But *Cunan* then departed from this standard rule:

> Whatever rationale exists for departing from the standard definition of "cause of action" to classify criminal and civil claims separately certainly dissipates in these circumstances, where allowing the criminal forfeiture unquestionable would give the government a second bite at the very same apple.  In this setting, it seems illogical to abrogate the res judicata doctrine based on the fact that the civil and criminal proceedings could not take place in the same forum; by definition, these are alternative paths to the same goal, and if one proceeding leads to a final judgment that substantively resolves the property dispute, revisiting the question in the other forum would present a classic case of repetitive litigation.

20 *Id.* at 115-16.

21 After careful consideration, this Court is not persuaded that the reasoning employed in
22 *Cunan* applies with equal force to the record before this Court.  This Court cannot fairly characterize
23 the Government's conduct as attempting to have a "second bite at the very same apple" where the
24 Government was, in fact, pursuing both civil and criminal forfeiture theories simultaneously in
25 separate actions before this Court, and indeed had filed the criminal forfeiture action first.
26 Moreover, in contrast to how the First Circuit viewed the voluntary dismissal with prejudice of the
27 civil forfeiture action in *Cunan*, the dismissal of the Government's civil forfeiture action as untimely
28 here did not "substantively resolve[] the property dispute" that was already pending in the criminal

12

matter.[11]

Accordingly, because two of the four *Costantini* factors do not support claim preclusion, and because the timely criminal forfeiture could not have been sought in the untimely civil forfeiture action, the Court finds that application of res judicata is not appropriate on this record.

**C.   Neither The Act Of State Doctrine Nor Comity Principles Operate As A Bar To The Criminal Forfeiture.**

Liquidators contend that the act of state doctrine, as well as comity principles, require that the criminal forfeiture be voided. The Court disagrees.

The act of state doctrine, which is rooted in separation of powers principles, prevents the courts of one country from sitting in judgment on the acts of the government of another, done within its own territory. *In re Philippine Nat'l Bank*, 397 F.3d 768, 772 (9th Cir. 2005). Liquidators contend that the Government's seizure and potential forfeiture of the Disputed Assets invalidates previously-issued orders of the High Court of Antigua. But the Liquidators have produced no orders from the Antiguan courts that give specific directions as to the Disputed Assets, nor orders from the Antiguan courts with which the Liquidators have been unable to comply, nor orders of the Antiguan courts that have been invalidated by this Court's actions. The orders of the High Court of Antigua that are in the record before this Court only indicate that the Liquidators are generally authorized to act to recover assets and property of Eurofed Bank. (Docket No. 942, Exhs. 3 & 4; Docket No. 1188, Tab 4, Exh. 9.) Such orders are not inconsistent with a determination by this Court that criminal forfeiture is appropriate for the Disputed Assets. Moreover, given that under the "relation back" doctrine of 21 U.S.C. § 853(c), title to the funds and bonds vested in the United States at the time the criminal activities took place, Lazarenko relinquished any interest in the Disputed Assets to the United States before they were ever deposited with Eurofed. *Cf. U.S. v. Pelullo*, 178 F.3d 196, 201 (3d Cir. 1999). Finally, the Government's positions taken in this matter undercut the separation of powers concerns that motivate the act of state doctrine. *See Bigio v. Coca-Cola Co.*, 239 F.3d 440, 452 (2d Cir. 2000 ((("[T]he applicability of the doctrine depends on the likely impact on

---

[11] This Court is mindful that dismissals on limitations grounds "are not on the merits in the sense that the underlying substantive claim has been adjudicated." *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) (observing that statutes of limitations dismissals, though considered on the merits, require a "different" analysis for res judicata purposes).

13

international relations that would result from judicial consideration of the foreign sovereign's act. If adjudication would embarrass or hinder the executive in the realm of foreign relations, the court should refrain from inquiring into the validity of the foreign state's act.") Liquidators have failed to meet their burden of establishing that the act of state doctrine is a bar to forfeiture.

The Court also finds it inappropriate to disturb the criminal forfeiture based on comity principles. This Court has few assurances that proceedings in Antiguan courts would accomplish the aims of criminal forfeiture – punishment of Lazarenko by seizure of his assets associated with the criminal activity for which he was convicted. *Cf. Turner Entertainment Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1518 (11th Cir. 1994) (deferring to German litigation where German court had reached judgment on merits of same issue). Given the strong American governmental interest in imposing such a criminal sanction, and the absence of an adequate foreign forum in which the Government's interests motivating criminal forfeiture could be adjudicated, international abstention is not appropriate.

## D.     Liquidator's Petition Adequately States A Claim, Such That Dismissal Is Not Appropriate.

In additional to the legal attacks upon the criminal forfeiture raised by Liquidators in their motion, Liquidators have alleged in their Petition that the Disputed Assets "are neither owned nor controlled by the defendant." (Docket No. 956, ¶ 8.) Liquidators contend that they have "superior title" to some or all of Disputed Assets, either because such assets were never owned by Lazarenko (as opposed to other innocent depositors), or because some of the Disputed Assets relate only to counts on which there were acquittals. Such allegations adequately state a claim based on superior interest under 21 U.S.C. § 853(n)(6)(A). Accordingly, factual issues relating to such allegations will need to be resolved in ancillary proceedings, and dismissal of Liquidator's Petition is not appropriate at this stage.[12]

///

---

[12] UTICo filed a "joinder" in the Government's motion, but its papers do not address the issues or arguments raised by either the Government's or the Liquidator's motion. Instead, they raise factual issues outside the scope of a motion to dismiss. The Court therefore does not address, at the present time, UTICo's allegations that Liquidators are an illegitimate business operation and should be disqualified from bringing third-party claims relating to the Disputed Assets.

14

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Liquidator's Motion and **DENIES** the Government's Motion. The Court will schedule a further status conference to discuss resolution of remaining issues in the ancillary proceedings.

**IT IS SO ORDERED.**

Dated:    8/13/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE