IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>   Plaintiff,<br><br> v.<br><br>PAVEL LAZARENKO,<br><br>   Defendant. / | No. C 00-00284 CRB<br><br>**BRIEFING ORDER** |

  The Court orders the parties to file supplemental briefs on or before August 8, 2008 focusing on the following questions.

For Liquidators:

1. Cite to the portion of the opening or reply briefs wherein Liquidators briefed the Ninth Circuit on the proper scope of an ancillary proceeding. In particular, the Court is interested in those portions of the briefs interpreting 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2.

2. Liquidators contend that the Court must address – at some point – whether Lazarenko has a right in the seized Bank of America accounts that is forfeitable under 18 U.S.C. § 982. But Federal Rule of Criminal Procedure 32.2(c)(2) provides that such a finding must be made only "[i]f no third party files a timely [ancillary] petition. . . ." Does Rule 32(c)(2) thus imply that the Court may bypass the question of whether Lazarenko has an interest in the Bank of America accounts if the Court eliminates the

1  possibility that third parties, such as Liquidators, have a superior interest in the
2  accounts? That is to say, can the Court find that Lazarenko has an interest in the
3  accounts by process of elimination?

4  3. In <u>DSI Associates LLC v. United States</u>, 496 F.3d 175, 186 (2d Cir. 2007), the
5  Second Circuit held that a third party who cannot satisfy the "standing requirements of
6  section 853(n)" – by establishing a prior legal right or that he is a bona fide purchaser
7  for value – is precluded by § 853(k) from intervening in a trial involving forfeiture.
8  Please discuss why the Second Circuit's interpretation of § 853(n) misreads the
9  statute.

10  4. If Eurofed cannot satisfy the requirements of § 853(n), can it seek relief by petitioning
11  the Attorney General for mitigation or remission pursuant to § 853(i)? In <u>United
12  States v. Lavin</u>, 942 F.2d 177 (3rd Cir. 1991), the Third Circuit concluded that:
13  "Congress did not intend section 853(n) to serve as a vehicle by which all innocent
14  third parties who are aggrieved by an order of criminal forfeiture can petition for
15  judicial relief. Rather, it seems . . . that Congress, in enacting section 853(n)(6)(A)
16  and (B), intended to accord standing to only two narrow classes of third parties, and
17  intended to require all other third parties to petition the Attorney General for relief."
18  <u>Id.</u> at 185 (citing 18 U.S.C. § 853(i)). If followed, <u>Lavin</u> would suggest that Eurofed
19  may be an aggrieved party, but not an aggrieved party that fits with the "two narrow
20  classes of third parties" protected by § 853(n). Please discuss.

21  5. Liquidators conceded at oral argument before the Ninth Circuit that it seeks to
22  adjudicate issues – such as res judicata and probable cause – that are analytically
23  distinct from the issue of superior title. Does Liquidators' position contradict Rule
24  32.2's admonition that the ancillary proceeding "does not involve relitigation of the
25  forfeitability of the property"? Liquidators' arguments about res judicata, probable
26  cause, etc. turn on whether the <u>government</u> has a valid interest in the property, but
27  Rule 32.2 provides that the ancillary proceeding's "<u>only</u> purpose is to determine
28

whether any <u>third party</u> has a legal interest in the forfeited property." (Emphasis added). What deference must the Court give Rule 32.2 and its advisory notes?

6. Under Eurofed's view, are there any limits on the kinds of arguments that can be forwarded in an ancillary proceeding?

7. Because Eurofed did not argue or explain how it satisfies the requirements of § 853(n), please do so in the supplemental briefing.

///

For United States:

1. At oral argument before the Ninth Circuit, the government conceded that the Liquidators could raise arguments based on res judicata, statute of limitations, and the Act of State doctrine "[t]o the extent [those arguments] relate[] to their superior right." What did the government mean? Can Liquidators raise arguments based on res judicata or probable cause because prevailing on such arguments would, in the words of Judge Tallman, "bar . . . the government's ability to assert that it has superior title"?

2. At oral argument, Liquidators requested that the Ninth Circuit "at least make it clear that [the government has] got to let" Liquidators raise arguments other than superior title. Is footnote two of the Ninth Circuit's opinion a binding holding that Liquidators may, at the least, challenge the underlying forfeitability of the seized accounts on the ground that "the affidavits submitted to support the government's seizure lack[ed] probable cause" or is it dicta? To what extent should the Court take into account the degree to which the parties adequately briefed the issue of the scope of § 853(n) to the Ninth Circuit?

3. What is the scope of § 853(i)(1)? Could a third party that believes property was unlawfully seized challenge the underlying forfeitability through a petition for mitigation or remission of forfeiture? See 28 C.F.R. § 9.5(a)(4) ("The Ruling Official shall presume a valid forfeiture and shall not consider whether the evidence is sufficient to support the forfeiture."). Or is the mitigation or remission process limited to claims based on "mere equitable grounds"? S. Rep. 98-225, 1984 U.S.C.C.A.N. 3182, 3391 (1984).

4. Even if Lazarenko used Eurofed, as an entity, to facilitate his criminal transactions, the government bears the burden of proving specifically that Bank of America account #W71-223433 was used to make "the prohibited conduct less difficult or more or less free from obstruction or hindrance." United States v. Bornfield, 145 F.3d 1123, 1135 (10th Cir. 1998). To be forthright, the Court believes that it is not enough to merely

4

1 demonstrate that #W71-223433 was opened with monies from other Eurofed
2 accounts, which may or may not have been funded by Lazarenko's proceeds. What is
3 the evidence that proves that Lazarenko's proceeds – rather than assets owned by
4 innocent Eurofed investors – formed the predicate for the account's holdings?

5. If Eurofed is correct that Lazarenko has no interest in the seized funds, then Lazarenko has no incentive to appeal Judge Jenkins' nexus determination.  If the Court precludes Eurofed from challenging the forfeitability of the funds, then there may be no review of Judge Jenkins' decision.  Did Congress intend for that scenario to occur?

6. When Congress amended 18 U.S.C. § 1963 by adding an ancillary proceeding, Congress appeared to endorse the Department of Justice's position that the ancillary proceeding should provide third parties with the opportunity to "assert claims . . . which, in essence, are challenges <u>to the validity of the order of forfeiture</u>. . . ."  S. Rep. 98-225, 1984 U.S.C.C.A.N. 3182, 3391 (1984) (emphasis added).  Does § 1963's legislative history support Eurofed's position that Congress intended – when drafting the virtually-identical ancillary proceeding provision in § 853 – to provide third parties with an opportunity to challenge the underlying forfeiture?

**IT IS SO ORDERED.**

Dated: July 10, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE