MELINDA HAAG (CSBN 132612)
United States Attorney

MIRANDA KANE (CSBN 150630)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
PETER B. AXELROD (CSBN 190843)
Assistant United States Attorneys

   450 Golden Gate Avenue, 11th floor
   San Francisco, CA 94102
   Telephone: 415.436.6857
   Facsimile:  415.436.7234
   email: patricia.kenney@usdoj.gov

Attorneys for the United States of America

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>     v.<br>PAVEL LAZARENKO,<br>           Defendant. | No. 00-CR-0284 CRB<br><br>*EX PARTE* APPLICATION OF THE UNITED STATES TO TAKE POST-CONVICTION DISCOVERY PURSUANT TO 21 U.S.C. § 853(m) AND FEDERAL RULE OF CRIMINAL PROCEDURE 32.2(b)(3) |

1  Pursuant to Rule 32.2(b)(3), Federal Rules of Criminal Procedure, the United States applies
2  for an order authorizing it to conduct discovery for the purpose of identifying and locating assets
3  forfeited to the United States, property traceable to such assets, or assets of the defendant that may
4  be substituted up to the value of the forfeited assets.  One reason for seeking this order is to authorize
5  the United States to discover and locate assets for the purpose of satisfying the $22,851,000 personal
6  money judgment entered in September 2006.  In furtherance of its motion, the United States states
7  the following:

8  1.  In June 2004, Lazarenko was convicted on 29 counts of money laundering, wire fraud
9  and interstate transportation of stolen property.[1]  In 2009, the Ninth Circuit upheld Lazarenko's
10 convictions on conspiracy to launder money and the seven substantive money laundering counts.
11 *United States v. Lazarenko,* 564, F.3d 1026 (9th Cir. 2009).

12 2.  In upholding the conspiracy to money launder and the seven substantive money
13 laundering counts, the Ninth Circuit upheld the forfeiture associated those counts of conviction,
14 including forfeiture in the form of a personal money judgment for $22,851,000 against Lazarenko.
15 *Id.*  Lazarenko also was ordered to pay a $10,000,000 fine which was later reduced to $9,000,000.
16 To date, Lazarenko admits he has not paid any of the $22,851,000 or the $9,000,000 fine.  *See*
17 [Lazarenko's] 1. Motion for Reconsideration, etc., filed July 26, 2013, at 3:3-4.

18 2.  Based on the trial testimony, it is evident that defendant Lazarenko realized millions
19 of dollars from the money laundering offenses on which he was convicted.  The United States now
20 wishes to engage in post-conviction discovery to locate and identify assets that may be subject to
21 forfeiture either as property directly traceable to the offenses or as substitute assets.

22 3.  Rule 32.2(b)(3), Federal Rules of Criminal Procedure, authorizes the government,
23 upon the entry of a preliminary order of forfeiture, to "conduct any discovery the court considers
24 proper in identifying, locating, or disposing of the property" that has been forfeited to the United
25 States.  *See United States v. Moffitt, Zwerling & Kemler*, 83 F.3d 660, 670-71 (4th Cir. 1996) (the
26 Government may recover property traceable to forfeitable property transferred to third party, and may

---

[1]  *See* Special Verdict, filed June 3, 2004.

US *Ex Parte* Appl. for Post-Conviction Disc.
No. 00-CR-0284 CRB                                                2

conduct discovery to locate and identify such traceable property); *United States v. Saccoccia,* 354 F.3d 9, 13 and n. 6 (1st Cir. 2003) (the Government may use its post-conviction discovery powers to trace what became of the forfeitable property transferred by the defendant to a third party, and may forfeit that property or anything traceable to it); *United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Bank of California International)*, 980 F. Supp. 522, 524 (D.D.C. 1997) (the preliminary order may be amended as often as necessary to include additional property subject to forfeiture that the Government may identify through post-trial discovery). Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m); 18 U.S.C. §982(b)(1) (making 21 U.S.C. § 853 applicable to all criminal forfeiture cases). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a non-party under Rules 34(c) and 45. Fed. R. Civ. P. 34(c) and 45.

4. The government expects, through the deposition of witnesses and the examination of business records, to be able to determine the location of property subject to forfeiture.

For the foregoing reasons, the United States respectfully requests that this Court grant its motion to take discovery, to depose non-party witnesses and to issue requests for the production of records from non-party custodians.

Respectfully submitted,

MELINDA HAAG
United States Attorney

Dated: August 2, 2013

/s/
PATRICIA J. KENNEY
Assistant United States Attorney