1   DENNIS P. RIORDAN (SBN 69320)
    DONALD M. HORGAN (SBN 121547)
2   RIORDAN & HORGAN
    523 Octavia Street
3   San Francisco, CA 94102
    Telephone: (415) 431-3472
4   dennis@riordan-horgan.com

5   DORON WEINBERG (SBN 046131)
    LAW OFFICES OF DORON WEINBERG
6   523 Octavia Street
    San Francisco, CA 94102
7   Telephone: (415) 431-3472
    doronweinberg@aol.com

8
    Attorneys for Defendant
9   PAVEL LAZARENKO

10

11              **UNITED STATES DISTRICT COURT**

12          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13

14   UNITED STATES OF AMERICA,            )   No.  CR-00-0284 CRB
                                          )
15              Plaintiff,                )
                                          )
16              vs.                       )   **DEFENDANT'S OPPOSITION TO**
                                          )   **GOVERNMENT'S APPLICATION**
17   PAVEL IVANOVICH LAZARENKO,           )   **TO TAKE POST-CONVICTION**
                                          )   **DISCOVERY AND REQUEST FOR**
18              Defendant.                )   **BRIEFING SCHEDULE**
                                          )
19   _____  )   **Date: September 11, 2013**
                                          )   **Time: 2 p.m.**
20                                        )   **Courtroom: Judge Charles R. Breyer**

21

22          On August 2, 2013 the government filed a pleading entitled "*Ex Parte* Application of the

23   United States To Take Post-Conviction Discovery Pursuant To 21 U.S.C. § 853(m) and Federal

24   Rule of Criminal Procedure 32.2(b)(3)."  This application to take discovery relates to the

25   forfeiture judgment entered in this case in the amount of $22,851,000 based on the defendant's

26   convictions on seven substantive money laundering offenses. Defendant Lazarenko does not

27   contest either the judgment or the government's entitlement to demand from him any and all

28

_____
Defendant's Opposition to Government's Application
to Take Post-Conviction Discovery and Request
for Briefing Schedule (CR-00-0284 CRB)                    1

information concerning his personal finances; indeed, as described below, he will facilitate the collection of those assets.  What Lazarenko does challenge is the government's request for a blanket order to compel third parties, none of whom are named in the application, to submit to any and all discovery requests and procedures that the government may initiate, without any showing of a particularized need to subject those third parties to such intrusions.

As the government's application correctly states, Rule 32.2(b)(3), Federal Rules of Criminal Procedure, authorizes the government, upon the entry of a preliminary order of forfeiture, to "conduct any discovery the court *considers proper* in identifying, locating, or disposing of the property" that has been forfeited to the United States. (Emphasis added). Given that the government is well aware of the precise location of the assets covered by the forfeiture judgment in this case, an order granting unlimited third party discovery, in a proceeding such as this one in which those third parties have had no opportunity to defend their interests, would not be "proper," within the meaning of  Rule 32.2(b)(3).

The figure of $22,851,000 contained in the forfeiture order is based on the total of the wire transfers alleged in the seven substantive money laundering charges--Counts Two to Eight of the amended indictment--on which defendant Lazarenko was convicted in 2004.  Those charged offenses were described in the Ninth Circuit's opinion affirming Lazarenko's money laundering convictions as follows:

> Counts 2 through 5 charged Lazarenko with money laundering, in violation of 18 U.S.C. § 1956(a)(2). The indictment specifically identified four wire transfers from Kiritchenko's ABS Trading account in San Francisco to Lazarenko's account in Geneva, Switzerland in 1994 and early 1995
>
> ************************
>
> Count 6 alleged that in November 1997 Lazarenko laundered $6 million from a EuroFed account at Commercial Bank in San Francisco to another EuroFed account. Just three months earlier, in August 1997, the Commercial Bank account had received the $14 million transfer that was charged as wire fraud in count 26. Count 7 alleged that Lazarenko laundered $6.745 million by drawing a check on the account of one of his companies, Dugsbery,  Inc., and using it to purchase a home in Marin County, California, in 1998.

Defendant's Opposition to Government's Application
to Take Post-Conviction Discovery and Request
for Briefing Schedule (CR-00-0284 CRB)                    2

1

2

Count 8 charges Lazarenko with an unlawful transfer of $2.3 million from one Dugsbery account at WestAmerica Bank to another at Bank Boston Robertson Stevens, also in 1998.

3  *United States v. Lazarenko*, 564 F.3d 1026, 1032, 1037 (9th Cir. 2009)

4      The Marin County home that is the asset, or substituted asset, at issue in the Count Seven

5  offense–100 Obertz Lane in Novato-- is now in the possession of the government. The parties

6  have agreed on a procedure for dealing with the personal property in the residence.  Thus it is the

7  funds at issue in Counts Two to Six and Eight, described above, which remain to be obtained by

8  the government.  But the location of those forfeited assets is well established.  After the transfers

9  alleged in the money laundering charges in the indictment, these funds eventually were

10  transferred to accounts belonging to Lazarenko  in various locales.  All of Lazarenko's accounts

11  have been frozen by the United States government and are now within the jurisdiction of the

12  United States District Court in Washington, D.C,. in the civil action of *United States v. All Funds*

13  *Held at Bank Julius Baer& Company, ltd*., 1:04-cv-00798-PLF.

14      The funds at issue in the D.C. action exceed $250,000,000.  While the defendant does

15  dispute the government's right to forfeiture of all of those funds, the vast majority of which have

16  not been proven to be the proceeds of any criminal activity, he does not dispute the right of the

17  government to possession of the funds covered by the forfeiture judgement in this case.  At the

18  hearing on the government's application on September 11th, Mr. Lazarenko will place on the

19  record his abandonment of any claim to that portion of the funds at issue in the D.C. action

20  which is covered by this Court's forfeiture order.

21      Mr. Lazarenko was just released after spending fifteen years in custody. During that time,

22  the federal government has located all of his assets around the world and brought them into the

23  jurisdiction of the federal courts.  The funds covered by this Court's forfeiture order are located

24  within the jurisdiction of  the D.C. district court. Mr. Lazarenko has provided, and will continue

25  to provide, all financial information requested of him by the government.  In light of the above

26  facts, the government is not entitled to an order authorizing it to take any and all discovery from

27

28

Defendant's Opposition to Government's Application
to Take Post-Conviction Discovery and Request
for Briefing Schedule (CR-00-0284 CRB)

3

third parties without first making a showing of particularized need.

## CONCLUSION

For the reasons stated, the government application to take third party discovery without a prior showing of particularized need should be denied.

Dated: August 23, 2013                    Respectfully submitted,

DENNIS P. RIORDAN
DONALD M. HORGAN
RIORDAN & HORGAN

By: /s/ Dennis P. Riordan

DORON WEINBERG
LAW OFFICES OF DORON WEINBERG

 /s/ Doron Weinberg

Attorneys for Defendant
PAVEL IVANOVICH LAZARENKO

Defendant's Opposition to Government's Application
to Take Post-Conviction Discovery and Request
for Briefing Schedule (CR-00-0284 CRB)              4