IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>   Plaintiff,<br><br> v.<br><br>LAZARENKO,<br><br>   Defendant. | Case No. 00-cr-00284-CRB-1<br><br>**ORDER GRANTING MOTION TO CORRECT PRELIMINARY ORDER OF FORFEITURE** |

   In concluding that the government could forfeit up to $2,283,602.80 in funds held in Defendant Pavel Lazarenko's Bank Julius Baer (BJB) Guernsey account and Liechtensteinische Landesbank AG (NRKTO) account, the Court stated that Lazarenko had diminished the value of his Novato, California mansion by at least $250,000 based on the cost of repairs. See Preliminary Order of Forfeiture (dkt. 1743) at 6 & n.6. As the government now points out, the Court's reading of the record understated the amount by which Lazarenko diminished the mansion's value. The appraised value of the property was $4,800,000. See id. at 5 (citing Appraisal (dkt. 1738-1) at Appx. 121). The estimated cost of necessary repairs (which were not performed) was $1,010,900. See Armstrong Decl. (dkt. 1738-3) at 3–4. Thus, with the repairs, the property would have had a value of $5,810,900. The property sold for $5,050,000. See Preliminary Order of Forfeiture at 6 (citing Return on Final Order of Forfeiture (dkt. 1674)). Accordingly, the Court concludes that Lazarenko diminished the value of the Novato mansion by at least $760,900—the difference between the mansion's sale price and its estimated value had the repairs been performed. The government is entitled to forfeit up to $2,794,502.80 in funds held in the BJB Guernsey and NRKTO accounts. The preliminary order of forfeiture is hereby

amended consistent with that determination (the Court otherwise retains and incorporates its reasoning and conclusions from that order).

For the foregoing reasons, the government has now established by a preponderance of the evidence that all funds frozen in:

    a. Bank Julius Baer & Company, Ltd., Guernsey Branch in Guernsey, Channel Islands (identified by its number ending in -3445) held in the name of or for the benefit of Pavel Lazarenko (the BJB Funds); and

    b. Liechtensteinische Landesbank AG in Liechtenstein (identified by its number ending in NRKTO 7541) held in the name of or for the benefit of Pavel Lazarenko (the NRKTO Funds);

(the subject property) is the defendant's property, and, as a result, the subject property (up to $2,794,502.80) can be forfeited as substitute property and applied against the $22,851,000 money judgment.

Accordingly, for the foregoing reasons and pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure,

IT IS HEREBY ORDERED that the Money Judgment and Supplemental Preliminary Order of Forfeiture entered on September 29, 2006 (dkt. 1080), is amended to include the subject property;

IT IS FURTHER ORDERED that the government may conduct discovery in order to identify, locate, or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

IT IS FURTHER ORDERED that the defendant, Pavel Lazarenko, shall execute such documents and take such steps as may be necessary to facilitate the transfer of the BJB Funds and the NRKTO Funds to the United States, or the seizure or restraint of these assets, including through the withdrawal of any objections in foreign proceedings and the execution of any documents as the United States may direct that may facilitate the continued restraint, seizure, or transfer of these assets to the United States;

IT IS FURTHER ORDERED that the United States, through its appropriate agency,

shall publish on www.forfeiture.gov, a government website, for at least thirty days, notice of this Order and notice of the government's intent to dispose of the property in such manner as the Attorney General may direct, and shall provide notice that any person, other than the defendant, having or claiming a legal interest in the property, must file a petition with the Court and serve a copy on government counsel within (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property, as a substitute for published notice as to those persons so notified;

IT IS FURTHER ORDERED that the court maintain jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure; and

IT IS FURTHER ORDERED that, pursuant to Rule 32.2(b)(4) of the Federal Criminal Rules of Procedure, this Preliminary Order of Forfeiture is final as to the defendant upon entry.

**IT IS SO ORDERED.**

Dated: August 20, 2021

_____
CHARLES R. BREYER
United States District Judge