LAW OFFICES OF DANIEL HOROWITZ
Daniel Horowitz
horowitz@whitecollar.us
P.O. Box 1547
Lafayette, CA  94549
Telephone:    (925) 283-1863

Attorneys for Defendant
PAVEL IVANOVICH LAZARENKO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>           vs.<br><br>Pavel Ivanovich Lazarenko,<br><br>                              Defendant. | Case No. 3:00-cr-00284-CRB-1<br><br>Date:<br>Time:<br>Place:<br>Judge:     Hon. Charles R. Breyer |

## DECLARATION OF JED M. SILVERSMITH

My name is Jed M. Silversmith.  I am over 18 years of age and competent to testify herein.  I declare as follows:

1. I have personal knowledge of the matters set forth herein.  I am employed at Blank Rome LLP.  I am one of the attorneys who represents Mr. Lazarenko in his civil forfeiture lawsuit.  I am submitting this declaration in support of the Opposition to the Government's motion to dismiss and the cross-motion to the ancillary petition filed by Blank Rome LLP, Fox Rothschild LLP, the law offices of Dan Horowitz and the law offices of David B. Smith PLLC.

    **The Fee Agreement**

2. In March 2014, Mr. Lazarenko entered into a fee agreement with the law offices of Daniel Horowitz, Smith & Zimmerman, Blank Rome LLP and Fox Rothschild LLP.  Smith & Zimmerman later became the law offices of David B. Smith PLLC.

3. A redacted copy of that document was produced to the United States in October 2021. No material terms to this ancillary petition were redacted from the document that was produced. The Government attached a true and correct copy of that document, as redacted, as Exhibit A to its motion.

4. In 2018, a new agreement was executed between the Law Firms and Mr. Lazarenko's three adult children. A redacted copy of that document was produced to the United States in October 2021. No material terms were redacted. The Government attached a true and correct copy of that document, as redacted, as Exhibit B to its motion.

5. In 2016, the agreement was modified to include the law firm of Fox Rothschild LLP. A redacted copy of that document was produced to the United States in October 2021. No material terms were redacted. A true and correct copy of the document is attached as Exhibit C to my declaration.

6. The three agreements together are referred to as the "Fee Agreement."

**Billing records**

7. Exhibit D is a summary of Blank Rome's billing records. The summary is drawn from monthly bills issued by Blank Rome. Each monthly bill constitutes a business record of Blank Rome because

   a. Each bill is prepared contemporaneously with the date listed on the respective bill;

   b. The underlying data contained in each bill is entered into a computer system by a person with knowledge of the data entry (e.g., I submit an invoice for an expense that I incurred in furtherance of my representation) and said data is also entered contemporaneously. The date is maintained on the system and included in the subsequent month's bill;

   c. It is the regular practice of Blank Rome to collect this information. Blank Rome issues monthly bills that contain information about its costs.

8. Exhibit D, titled "Pro Forma," is a report of all of the costs billed in the matter 143753-00601, which is the matter number assigned to Pavel Lazarenko's representation at Blank Rome. This document is a business record of Blank Rome because it consists of the data discussed above. The document lists all of

the costs billed from July 9, 2014 until August 31, 2021.  That figure totals $1,380,225.72.

9. Each month a bill is issued that lists the costs incurred during the prior month.  For example, the data contained on the July 2021 entry would have been billed to Mr. Lazarenko in August 2021.

10. Attached as Exhibit E to this declaration is a report that shows the amount that was billed each month.  The report also shows whether certain amounts were written off by the law firm.

11 The final figures, as of August 31, 2021, on Exhibits D and E are $1,380,225.72, but the specific line entries on Exhibit E do not reconcile with the specific costs on the Pro Forma.  The Pro Forma does not list that have been written off.  There were $38,895.84 in costs that were written off during the engagement.  Those items are not listed on the Pro Forma.  Costs may have been written off several months after they were incurred.  The costs that were written off are not listed on the Pro Forma.  For that reason, the total amount of costs for a given month may not match when comparing the two exhibits.

12. None of the costs incurred in 2021 were written off. Therefore, between April 1, 2021 and April 9, 2021, Blank Rome incurred costs of $18.48.  Likewise, between August 1, 2021 and August 20, 2021, Blank Rome incurred costs of $1,110,36.

13. Production of the underlying billing records themselves would be burdensome.  Each bill contains dozens, if not hundreds, of time entries describing activity undertaken by Blank Rome attorneys.  Disclosure of this information would reveal privileged information.  Likewise each bill contains an itemization of costs.  Disclosure of Blank Rome's costs would prejudice Mr. Lazarenko in the ongoing civil forfeiture litigation.  The information is confidential and not relevant to the amounts owed.

14. At an ancillary hearing, an employee of Blank Rome would testify that monthly bills have been sent to Pavel Lazarenko every month since the inception of the representation.  That employee would further testify that neither Pavel Lazarenko nor Kateryna Lazarenko (nor anyone else) has objected to Blank Rome's costs since the inception of the representation.

**Prior Offers to Use the *In Rem* Defendants to Satisfy Mr. Lazarenko's Forfeiture Money Judgment and Criminal Fine**

15. Throughout the litigation, counsel for Mr. Lazarenko has offered the Government to take the smaller *in rem* defendants and apply them to the forfeiture money judgment and to the fine. The term counsel has used is to "clear the underbrush," thereby streamlining the civil forfeiture lawsuit. The Government has consistently refused these offers. Notably, in 2014, Mr. Horowitz advised this Court of such an offer. Dkt. 1642 at 5. The offer was refused by the Government. Dkt. 1644 at 3.

16. In November 2015, Mr. Lazarenko offered to use the funds in Guernsey to pay his forfeiture money judgment. Attached as Exhibit F is a letter that his counsel sent to the Government. The Government refused that offer as well.

**The Government's Tracing Report**

17. The Government produced a tracing report in 2017. Exhibit 15 to that report identified the amount of proceeds in each *in re*m defendant. There were no Kiritchenko proceeds in the Bank Julius Baer or NRKTO accounts. Attached as Exhibit G is Exhibit 15 of the Government's tracing report. This document shows the source of funds in each *in rem* defendant. According to this document, neither the NRKTO nor the Bank Julius Baer account contain funds traceable to Pavel Lazarenko's conviction.

> **I declare under penalty of perjury that the foregoing is true and correct. This 19th day of January 2022 in Montgomery County, Pennsylvania.**
>
> _____
> Jed M. Silversmith