IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>               Plaintiff,<br>   v.<br>LAZARENKO,<br>               Defendant. | Case No. 00-cr-00284-CRB-1<br><br>**ORDER GRANTING MOTION TO DISMISS THE THIRD-PARTY PETITION** |

    Defendant Pavel Lazarenko, a former prime minister of Ukraine, was convicted of eight counts of money laundering. The Court ordered forfeiture of almost $23 million, of which $20 million is outstanding. In August 2021, this Court issued a preliminary order of forfeiture of substitute assets of $2.5 million in two bank accounts in Lazarenko's name.

    In October 2021, the Law Offices of Daniel Horowitz, David B. Smith, PLLC, Blank Rome LLP, and Fox Rothschild LLP (collectively, Law Firms) filed a third-party petition claiming these same funds. The Law Firms argue that they have a right to these funds under fee agreements with Lazarenko and his children for representing them in a pending civil forfeiture action. The Government now moves to dismiss the petition, the Law Firms cross-move for summary judgment, and the Government moves to strike the Law Firms' cross-motion. The Court GRANTS the Government's motion to dismiss and DENIES AS MOOT the Government's motion to strike and the Law Firms' cross-motion.

**I.    BACKGROUND**

    Pavel Lazarenko is the former Prime Minister of Ukraine. United States v. Lazarenko, 564 F.3d 1026, 1029 (9th Cir. 2009). Lazarenko "formed multiple business relationships and engaged in a series of business transactions that netted him millions of

dollars" while in office. Id. The Government charged him in a 53-count indictment with conspiracy, money laundering, wire fraud, and interstate transportation of stolen property. Id. The Ninth Circuit later upheld a jury's conviction of Lazarenko on eight counts of money laundering. Amend. Judgment (dkt. 1574).

In 2004, the Government filed a civil forfeiture action in the District Court for the District of Columbia seeking forfeiture of Lazarenko's assets. See Civil Forfeiture Compl. (dkt. 1735-1) at 1-38; United States v. All Assets Held at Bank Julius Baer & Co., Ltd., Guernsey Branch, et al., No. 1:04-cv-798-PLF (D.D.C.). The civil forfeiture action lists funds in two of Lazarenko's bank accounts: one held by Bank Julius Baer & Company, Ltd., in Guernsey, Channel Islands (BJB), and the other by Liechtensteinische Landesbank AG in Liechtenstein (NRKTO). Pet. (dkt. 1752) at 2. The Law Firms represent Lazarenko and his children in that action, which is still pending. Id.

As part of his criminal sentence and at resentencing after appeal, this Court entered a $22,851,000 money judgment of forfeiture, of which almost $20 million remains outstanding. See Mot. to Dismiss (dkt. 1760) at 2. On April 9, 2021, the United States moved to forfeit funds held in the two bank accounts as "substitute assets" pursuant to 21 U.S.C. § 853(p). This Court entered a Preliminary Order of Forfeiture on August 6 and a corrected Order on August 20. See dkt. 1748. The Government published notice of its intent to forfeit the assets and provided notice to Lazarenko's counsel. Mot. at 2.

On October 6, the Law Firms filed a petition claiming $2,386,430.42 of the substitute assets pursuant to 21 U.S.C. § 853(n)(6). Pet. at 1. Their claim is based on the two contingency fee agreements that set the terms for their representation of Lazarenko and his children in the civil forfeiture action. Id. The 2014 agreement is between the Law Firms and Lazarenko; the 2018 agreement is between the Law Firms and Lazarenko's children. See Ex. A (dkt. 1760-1) (2014 Agreement); Ex. B (dkt. 1760-2) (2018 Agreement). Excerpts of the 2014 Agreement are reproduced below.

> **4. LEGAL FEES.** <u>Attorneys will only be compensated for legal services if a recovery is obtained for Client</u>. If no

> recovery is obtained, Client will not be obligated to pay any legal fees or for costs, disbursements, and expenses . . .
>
> The fee to be paid to the Attorneys will be a percentage of the "net recovery," depending on the stage at which the settlement or judgment is reached. <u>The term "net recovery" means: (1) the total of all amounts received by settlement or final judgment,</u> including any award of attorneys' fees, (2) minus any costs incurred on behalf of the Client from the time of the signing of this contract until final judgment or settlement . . . .
>
> This contract gives the Attorneys a LIEN ON THE FUNDS AND SUM RECOVERED.
>
> This Means that the actual assets involved in this case (as recovered) are directly owned by the Attorneys to the extent that the attorneys are owed fees and costs. . . .
>
> **12. LIEN.** Client hereby grants Attorneys a lien on any and all claims or causes of action that are subject of Attorneys' representation under this Agreement. Attorneys' lien will be for any sums owing to Attorneys unpaid costs, or attorneys' fees, at the conclusion of Attorneys' services and any unpaid costs. <u>The lien will attach to any recovery the client may obtain, whether by judgment, settlement, or otherwise.</u> The effect of such a lien is that Attorneys may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if discharged before the end of the case.

2014 Agreement at 1–6 (emphasis added) (cleaned up). The terms of the 2018 contingency fee agreement are similar. <u>See generally</u> 2018 Agreement.

The Government moved to dismiss the Law Firms' petition. <u>See</u> Mot. The Law Firms filed an opposition and cross-motion for summary judgment. <u>See</u> Opp'n. The Government moved to strike the Law Firms' cross-motion for summary judgment. <u>See</u> Mot. to Strike (dkt. 1769).[1]

## II.   DISCUSSION

The Court grants the motion to dismiss the Law Firms' ancillary petition and denies

---

[1] The Government has raised questions as to whether the Law Firms had satisfied their ethical obligations given that there is arguably a "a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client . . . or by the lawyer's own interests" and/or risk that the Law Firms could use in this action confidential information that they obtained from Lazarenko or their children in the civil forfeiture action. <u>See</u> California R. Prof'l Conduct 1.6, 1.7(b), (c); Gov't Notice (dkt. 1767). The Court ordered the Law Firms to demonstrate that they had obtained informed consent from Lazarenko and his children to pursue their petition. <u>See</u> Dkt. 1775. The Law Firms have filed this proof under seal, and the Court is satisfied that the Law Firms may proceed. <u>See</u> Dkt. 1776.

as moot all other motions.

### A. Legal Standard

An ancillary proceeding in 21 U.S.C. § 853(n) is the exclusive remedy for adjudicating third-party claims to property forfeited in a federal criminal case. See 21 U.S.C. § 853; see also United States v. Lazarenko, 476 F.3d 642, 648 (9th Cir. 2007). A third party with standing must establish by a preponderance of the evidence either that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6). In evaluating ancillary petitions, state law determines whether the claimant has a property interest. United States v. Nava, 404 F.3d 1119, 1127 (9th Cir. 2005). If the claimant has no interest under state law, the claim fails. See United States v. Timley, 507 F.3d 1125, 1130 (8th Cir. 2007).

"In [an] ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). A motion to dismiss an ancillary petition is treated similarly to a Rule 12(b)(6) motion under the Federal Rules of Civil Procedure. See United States v. Preston, 123 F. Supp. 3d 117, 123 (D.D.C. 2015). When considering a motion to dismiss a petition, the Court assumes all facts set forth in the petition to be true. See Fed. R. Crim. P. 32.2(c)(1)(A). But factual allegations must be plausible. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

### B. Interest Under D.C. Law

In the District of Columbia, attorneys may contract for express liens on client assets, and such agreements are enforced by their terms. Wolf v. Sherman, 682 A.2d 194,

4

197 (D.C. 1996). The background rule is that, "where an attorney contracts for the prosecution of a case for a contingent fee, payable out of the fund recovered, a lien is created against the fund and attaches to it when it is recovered." Wardman v. Leopold, 85 F.2d 277, 280 (D.C. Cir. 1936) (emphasis added). Recovery means receipt of funds "by judgment, decree, or settlement." Elam v. Monarch Life Ins. Co., 598 A.2d 1167, 1171 (D.C. 1991); see Lyman v. Campbell, 182 F.2d 700, 702 (D.C. Cir. 1950) (a claim for a charging lien "[does] not arise until a judgment or decree ha[s] been obtained"); United States v. All Assets Held in the Inv. Portfolio of Blue Holding (1), 712 F. App'x 13, 15 (D.C. Cir. 2018) (unpublished) (same).

The Law Firms lack any plausible interest in the funds because Lazarenko has not obtained a recovery. The agreement explicitly conditions the lien on "recovery." See, e.g., 2014 Agreement at 1 ("Attorneys will only be compensated for legal services if a recovery is obtained for Client."); id. at 3 ("This contract gives the Attorneys a LIEN ON THE FUNDS AND SUM RECOVERED."). It defines "recovery" in an ordinary way. See id. at 6 ("The lien will attach to any recovery the client may obtain, whether by judgment, settlement, or otherwise."); id. at 1-2 (defining "net recovery" as "the total of all amounts received by settlement or final judgment"). The Law Firms do not plausibly allege that any recovery has occurred. They therefore lack an interest in the assets. Nor do the Law Firms have an interest under the 2018 agreement, as Lazarenko was not a party to it.

The Law Firms unpersuasively argue that they were "bona fide purchaser[s] for value" of a property interest under 21 U.S.C. § 853(n)(6)(b). Opp. at 6-9. No case supports this. Nor does any case state that a charging lien creates a right before judgment; in fact, they say the opposite. See Blue Holding (1), 712 F. App'x at 15 ("Any right to a charging lien does not arise until a judgment or decree has been obtained, and [petitioner] has not obtained either." (cleaned up)); see also Friedman v. Harris, 158 F.2d 187, 188 (D.C. Cir. 1946) (stating that, "after judgment," a charging lien relates back to the original date of the agreement); D.C. Redevelopment Land Agency v. Dowdey, 618 A.2d 153, 159 (D.C. 1992) (same).

5

Because the Law Firms lack any interest in the assets in the two bank accounts, the Court need go no further.

### III. CONCLUSION

The Court GRANTS the Government's motion to dismiss and DENIES AS MOOT the Law Firms' cross-motion for summary judgment and the Government's motion to strike the same.

**IT IS SO ORDERED.**

Dated: May 4, 2022



CHARLES R. BREYER
United States District Judge